## CHESSON v. COMMISSIONER OF INTERNAL REVENUE.

### No. 6379.

Circuit Court of Appeals, Fifth Circuit.

March 18, 1932.

142

L. J. Benckenstein, of Beaumont, Tex., for petitioner.

G. A. Youngquist, Asst. Atty. Gen., Sewall Key, S. Dee Hanson, and A. H. Conner, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Harold Allen, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

Petitioner, being the owner of 51 acres of land in Texas, granted three separate oil and gas leases which together covered the whole tract; the lessees obligating themselves to deliver to his credit in pipe lines either a sixth or an eighth of the oil produced. He was a single man when he executed the first two leases, but was married shortly before the date of the third lease, in which he was joined by his wife. The Board of Tax Appeals held that the money he received from the sale of oil as provided in each of the leases was his separate income. 22 B. T. A. 818.

The land was petitioner's separate property. Revised Civil Statutes of Texas, art. 4613. The petitioner concedes this, but contends none the less that the money he received from the sale of oil was community income, and therefore was to be accounted for one half by himself and the other half by his wife under article 4619, which contains the provision that "all property acquired by either the husband or wife during marriage, except that which is the separate property of either, shall be deemed the common property of the husband and wife." The argument is that the income was earned by the efforts of the husband, who was burdened with supervising the development of the leases and the sale of his share of the oil. All the husband did so far as appears was to arrange for and execute leases of his own property, and whatever labor or effort was involved in doing this was performed by him as to two of the leases before his marriage. If instead of leasing his land he had sold it, even after marriage, the proceeds of the sale would have been his separate property. Article 4613. It is settled in Texas that oil and gas in place are part of the realty. Texas Co. v. Daugherty, 107 Tex. 226, 176 S. W. 717, L. R. A. 1917F, 989; Stephens County v. Mid-Kansas Oil & Gas Co., 113 Tex. 160,

254 S. W. 290, 29 A. L. R. 566. See, also, Stephens v. Stephens, 292 S. W. 290, a well-considered opinion by one of the Courts of Civil Appeals. It follows from this rule of property that money received by the husband from oil produced by a lessee on his separate property does not become the community income of himself and his wife, but is his separate income. This court so held in Ferguson v. Commissioner, 45 F.(2d) 573, and, notwithstanding the argument here advanced, we are still of the same opinion.

The petition for review is denied.