COMMISSIONER OF INTERNAL REVENUE
v. WILLIAMS.
No. 7826.

Circuit Court of Appeals, Fifth Circuit.
March 11, 1936.

Helen R. Carloss, F. E. Youngman, and Sewall Key, Sp. Assts. to Atty. Gen., Frank J. Wideman, Asst. Atty. Gen., and Robert H. Jackson, Asst. Gen. Counsel, Bureau of Internal Revenue and W. R. Lansford, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for petitioner.

Charles H. Garnett, of Oklahoma City, Okl., for respondent.

Before FOSTER, HUTCHESON, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

In 1927 the respondent and certain other individuals, owners of the oil and gas rights in certain Texas lands, sold and conveyed their interest in and to said oil and gas rights to two individuals, the consideration being the payment by the vendees to the vendors of $110,000 in cash, and the agreement of the vendees, after they had recovered $160,000 from the gross sales of seven-eighths of the oil produced, to pay the vendors one-half of the proceeds of the sale of the next oil produced, if, as, and when such oil was sold, until $192,500 had been paid. In 1927 respondent received $15,993.66 representing his share of the stipulated deferred payment from oil produced and sold in that year. During 1928 respondent received $54,006.34 representing his share of the balance of the stipulated deferred payment from oil produced and sold. The Board of Tax Appeals decided that, with respect to the sums of $15,993.66 and $54,006.34, respondent was entitled to the depletion allowance of 27½ per cent. provided for by section 204 (c) (2) of the Revenue Act of 1926 (44 Stat. 9, 14, 16) and section 114 (b) (3) of the Revenue Act of 1928 (45 Stat. 791, 821, 26 U.S.C.A. § 114 note). The respondent retained an economic interest in the oil, in place, in that his right to receive his share of the stipulated deferred payment of $192,500 was dependent upon that amount being realized from oil produced after the vendees had recovered $160,000 from gross sales of seven-eighths of the oil produced. One has an economic interest in oil, in place, whether the interest he has retained is a right to share in the oil produced or a right to share in the proceeds of the sale of the oil produced. Palmer v. Bender, 287 U.S. 551, 557, 53 S.Ct. 225, 77 L.Ed. 489. Whether the right to share is one of those kinds or the other, it is subject to be adversely affected by the exhaustion of the oil remaining in the land after the sale was made. The decision of this court in the case of Commissioner v. Fleming, 82 F.(2d) 324 (March 7, 1936), on a state of facts not materially different from that disclosed in the instant case, supports the conclusion that the above-mentioned ruling of the Board of Tax Appeals was correct.

The petition is denied.