**TYRRELL v. COMMISSIONER OF INTERNAL REVENUE.**

**McGILL et al. v. SAME.**

**GARTH v. SAME.**

No. 8439.

Circuit Court of Appeals, Fifth Circuit.
July 9, 1937.

L. J. Benckenstein, of Beaumont, Tex., and W. A. Bolinger, of Washington, D. C., for petitioners.

Ellis N. Slack and Sewall Key, Sp. Assts. to Atty. Gen., Jas. W. Morris, Asst. Atty. Gen., and Morrison Shafroth, Chief Counsel, Bureau of Internal Revenue, and Frank M. Thompson, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

Petitioners, citizens of Texas, were until 1927 members of the W. C. Tyrrell Trust, "a joint stock association without individual liability to shareholders." In that year they completely dissolved it, and distributed its assets to the associates.

The Commissioner, applying section 201 (c) of the Revenue Act of 1926 [1] to petitioners' income tax returns, determined deficiencies accordingly. The Board of Tax Appeals affirmed 34 B.T. 707.

Petitioners make two points against the Board's order. They urge, rather faintly, that viewed generally, the section must be regarded as having application only to corporations proper, that is, duly incorporated associations; that it may not be applied to unincorporated associations.

The argument here is that though such an association while existent, is enough like a corporation to be taxed as such, in dissolution it is wholly unlike it. It is argued that the section in question was taken from the 1924 Revenue Act, that its place in that act, the committee reports accompanying its passage, the insistence of the act that liquidation be regarded as a sale of stock to the corporation, make it clear that the Congress was dealing here with a corporation as a legal entity, wholly distinct and apart from its shareholders, and not with associations, which, though having some of the attributes of a corporation, do not have its distinctive one, that of legal entityship.

They urge more firmly that whatever the case elsewhere, this section may not be applied to unincorporated associations in Texas, where an association is not an entity, but a partnership, and the associates are liable as partners. The argument here is that held under Texas law to be a partnership, its associates liable as partners, they must in dissolution be regarded as such, and the consequences of partnership, rather than of corporate dissolution, must be ascribed to the termination of the trust and the distribution of its assets.

We cannot agree with either of these positions. Section 2 (a) (2) of the 1926 Revenue Act (44 Stat. 9) provides comprehensively and without exception, that when used in the act "the term 'corporation' includes associations, joint-stock companies, and insurance companies." "The definition given to the term 'corporation' * * * applies to the entire act. The language of the section presents no ambiguity." [2]

In none of the many decisions in Texas and elsewhere, upholding the taxation as corporations of joint stock associations, is either the existence or nonexistence of limited liability or of legal entityship regarded as controlling. c/f Burk-Waggoner Ass'n v. Hopkins, supra; Lucas v. Extension Oil Co. (C.C.A.) 47 F.(2d) 65; Busch v. Com'r (C.C.A.) 50 F.(2d) 800.

Morrissey v. Com'r, 296 U.S. 344, 359, 56 S.Ct. 289, 296, 80 L.Ed. 263, clearly and forcefully points out why trust estates, which take corporate form for the purpose of carrying on business enterprises, are properly classed for taxing purposes and taxed as corporations.

"What, then, are the salient features of a trust—when created and maintained as the medium for the carrying on of a business enterprise and sharing its gains—which may be regarded as making it analogous to a corporate organization? A corporation, as an entity, holds the title to the property embarked in the corporate undertaking. Trustees, as a continuing body with provision for succession, may afford a corresponding advantage during the existence of the trust. Corporate organization furnishes the opportunity for a cen-

---

[1] Sec. 201(c): "Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock." 44 Stat. 10.

[2] Burk-Waggoner Ass'n v. Hopkins, 269 U.S. 110, 46 S.Ct. 48, 49, 70 L.Ed. 183.

502

tralized management through representatives of the members of the corporation. The designation of trustees, who are charged with the conduct of an enterprise, who act "in much the same manner as directors," may provide a similar scheme, with corresponding effectiveness. Whether the trustees are named in the trust instrument with power to select successors, so as to constitute a self-perpetuating body, or are selected by, or with the advice of, those beneficially interested in the undertaking, centralization of management analogous to that of corporate activities may be achieved. An enterprise carried on by means of a trust may be secure from termination or interruption by the death of owners of beneficial interests and in this respect their interests are distinguished from those of partners and are akin to the interests of members of a corporation. And the trust type of organization facilitates, as does corporate organization, the transfer of beneficial interests without affecting the continuity of the enterprise, and also the introduction of large numbers of participants."

Petitioners are no better off on their second point, that because, under Texas decisions,[3] their enterprise, though in form a trust association, was in law a partnership, the distribution must fall under the regulation that "If a partnership distributes its assets in kind, and not in cash, the partner realizes no gain or loss until he disposes of the property received in liquidation," for the decisions have completely foreclosed this contention. They make it clear that for the purpose of federal taxation the Congress is not limited by the conception of relations entertained under state laws. Within its powers it may determine for itself what taxes to levy, and how and when they shall fall. Burnet v. Harmel, 287 U.S. 103, 53 S.Ct. 74, 77 L.Ed. 199; Burk-Waggoner v. Hopkins, supra; Herring v. Com'r, 293 U.S. 322, 55 S.Ct. 179, 79 L.Ed. 389; Commissioner v. Laird (C.C.A.) 91 F.(2d) 498.

Under settled law the Tyrrell Trust, a joint stock association, was for taxing purposes a corporation during its existence. Under the same settled law it was, for taxing purposes, a corporation in its dissolution. The result of the dissolution under the provisions of section 201 (c) was, as to each petitioner, a realized taxable gain.

The order of the Board is affirmed.

---

[3] Thompson v. Schmitt, 115 Tex. 53, 274 S.W. 554; Burk-Waggoner Ass'n v. Hopkins, 269 U.S. 110, 46 S.Ct. 48, 70 L.Ed. 183.

