## ORTIZ OIL CO. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 8952.

Circuit Court of Appeals, Fifth Circuit.
March 14, 1939.

Harry C. Weeks, of Fort Worth, Tex., for petitioner.

Arnold Raum, Sewall Key, and John J. Pringle, Sp. Assts. to Atty. Gen., Jas. W. Morris, Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and John W. Smith, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

The United States Board of Tax Appeals determined the petitioner's income tax deficiency liability to be $16,856.10 for the year 1932. The appeal from the decision of the Board is brought to this court by petition for review.

The record discloses and the Board found these pertinent facts: In the year 1932 the petitioner, Ortiz Oil Company, was engaged in the business of producing oil and drilling oil wells. It owned a half interest in a certain oil lease, and proceeded to drill a well upon the lease under a turn-key agreement whereby the other joint owners paid the sum of $5,750 as their share for drilling and equipping the well. It cost $8,244.46 to drill and equip the well and this entire amount was set up on the books of the petitioner as its development costs. This amount was credited with the sum paid by the co-owners, $5,750, and the claimed development cost was thus reduced to $2,494.46. The commissioner, respondent, treated the sum of $1,627.77 as taxable income since it was the excess paid by the co-owners over and above their proportionate one-half share of the cost. The action of the Board in confirming the commissioner's action was correct. The petitioner being only a half owner was entitled to capitalize half the drilling costs and no more. The excess paid by the co-owners over and above their share of the cost represented income of the petitioner. Grison Oil Corporation v. Commissioner, 10 Cir., 96 F.2d 125; Rogan v. Blue Ridge Oil Co., 9 Cir., 83 F.2d 420; United States v. Knox-Powell-Stockton Co., 9 Cir., 83 F.2d 423.

In 1932 Ortiz Oil Company had the opportunity to acquire certain oil properties in the East Texas Oil Field. It obtained options and then procured the money to

purchase the properties through an arrangement with R. A. Westbrook and S. A. Thompson. The petitioner executed an instrument described as an "Oil Payment Contract" under which contract, as amended, the said Westbrook and Thompson paid to it the sum of $154,000. The oil company used the money to purchase the properties, drill wells, and pay some of its outstanding obligations.

In consideration of the cash payment of $154,000 the company agreed that Westbrook and Thompson were to receive certain specified proportions of the oil production from certain described properties. They were to receive the stipulated portions of production to the extent of $359,-333.34 in value, if, as, and when, the oil should be produced, saved, and sold from the designated leases and properties. Oil was produced and Westbrook and Thompson received their final share in 1936. In all 394,120 barrels of oil was required to discharge the contract.

The petitioner oil company treated the Westbrook and Thompson transaction as a loan. In its income tax return it included in its gross income the total proceeds from the sale of oil in the tax year, and claimed as deduction for interest approximately four sevenths of the amount paid in that year to Westbrook and Thompson. The remaining three sevenths of the payments were regarded as a repayment of borrowed capital. The Board of Tax Appeals held that the transaction was not a loan and that it constituted a sale of oil in place and that, therefore, the petitioner realized a taxable gain on the transaction in the amount of $154,000 less the amount of the cost bases allocable to the oils required to discharge the oil payments. The Board further held that the petitioner was not entitled to deduct as interest, or otherwise, any part of the proceeds of oil paid to Westbrook and Thompson.

The Board's determination was correct. The money furnished by Westbrook and Thompson was not a loan. It was the cash consideration for a conveyance of stipulated proportions of oil production to the extent in value of $359,333.34 if, as, and when the oil was produced. The portions of production specified belonged to and constituted property of Westbrook and Thompson and the petitioner was only obligated to pay over and account to them when and if the oil was produced. If no oil was produced Westbrook and Thompson got nothing and

Ortiz Oil Company was under no obligation to pay them anything. The undertaking was in no sense a joint venture. Petitioner was to manage, develop, and operate the properties and pay all expenses. The contract is clear in this regard.

Westbrook and Thompson were entitled under the contract to receive specified proportions of the proceeds of oil sales or to take their actual share of the oil production. They simply acquired an interest in oil in place. The right to share in the oil produced constituted an economic interest in the properties to the extent of the amount agreed upon. Palmer v. Bender, 287 U.S. 551, 53 S.Ct. 225, 77 L.Ed. 489.

The Board also properly held that the petitioner was not entitled to allowance for depletion on the proceeds of the sale to Westbrook and Thompson. This amount could not properly be included in the petitioner's gross income for the purpose of calculating and determining the percentage depletion allowance given by Sec. 114(b) (3), Revenue Act of 1932, 26 U.S.C.A. § 114(b) (3). Such income is not subject to reduction by the percentage depletion allowance which applies only to income arising from the operation of oil and gas wells. Commissioner v. Fleming, 5 Cir., 82 F.2d 324; Darby-Lynde Co. v. Alexander, 10 Cir., 51 F.2d 56.

The extent of the proportion of proceeds from sales of oil received by Westbrook and Thompson constituted income to them, and the balance only constituted the gross income of the petitioner. Ortiz Oil Company, under its contract, was not entitled to receive the income from the share owned by Westbrook and Thompson, nor was it entitled to deduct depletion allowance attributable to their interest. The petitioner was entitled to a depletion allowance deduction computed only on the income received by it as its portion of the oil produced in the tax year. "The owner of an interest in the deposit is entitled to deduct for depletion of the part producing his income but may not deduct for depletion of a share belonging to another." Thomas v. Perkins, 301 U.S. 655, 663, 57 S.Ct. 911, 914, 81 L.Ed. 1324; Palmer v. Bender, 287 U.S. 551, 53 S.Ct. 225, 77 L.Ed. 489; Helvering v. Twin Bell Oil Syndicate, 293 U. S. 312, 55 S.Ct. 174, 79 L.Ed. 383; Commissioner v. Fleming, 5 Cir., 82 F.2d 324; Commissioner v. Elliott Petroleum Co., 9 Cir., 82 F.2d 193; Commissioner v. Williams, 5 Cir., 82 F.2d 328.

We have for consideration a further agreement between the petitioner and C. H. Staley which was substantially the same as the one with Westbrook and Thompson, differing only as to properties, parties, and amounts. What we have heretofore said applies equally to the Staley transaction.

The petition is denied and the judgment of the Board is affirmed.