KATE J. CRICHTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 97025. Promulgated August 7, 1940.

T. A. Dubourg, C. P. A., for the petitioner.
D. D. Smith, Esq., for the respondent.

**OPINION.**

ARUNDELL: Our decision is asked on the question of whether the petitioner is taxable on the exchange of properties made between herself and her three children in the taxable year. The petitioner claims that no gain from the exchange is cognizable under section

112 (b) (1) of the Revenue Act of 1936, which provides as follows:

SEC. 112. RECOGNITION OF GAIN OR LOSS.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(b) EXCHANGES SOLELY IN KIND.—

(1) PROPERTY HELD FOR PRODUCTIVE USE OF INVESTMENT.—No gain or loss shall be recognized if property held for productive use in trade or business or for investment (not including stock in trade or other property held primarily for sale, nor stocks, bonds, notes, choses in action, certificates of trust or beneficial interest, or other securities or evidences of indebtedness or interest) is exchanged solely for property of a like kind to be held either for productive use in trade or business or for investment.

The contention of the respondent by which the issue is joined. is that the properties exchanged were not "of a like kind" as required by the statute and that the gain is therefore to be recognized and taxed as provided in section 117 of the Revenue Act of 1936.

The words "like kind" are stated by the regulations to refer to the "class", "nature or character" of the property and not to its "grade or quality." The meaning of the words is further particularized there by examples of nontaxable exchanges, including the transfer of unimproved for improved realty or the assignment of a 30-year lease in return for the conveyance of a parcel of realty. See Regulations 94, art. 112 (b) (1). Similar interpretations have appeared in all of the regulations beginning with Regulations 62 issued under the Revenue Act of 1921. In *E. R. Braley*, 14 B. T. A. 1153, involving an exchange of improved urban realty for a ranch, we held that article 1566 of Regulations 62 correctly interpreted the statute. We have followed the similar, currently applicable, regulations in later cases. See *Biscayne Trust Co., Executor*, 18 B. T. A. 1015; *Connecticut Power Co.*, 28 B. T. A. 38.

The respondent relies on *Midfield Oil Co.*, 39 B. T. A. 1154. In that case there was an exchange of an oil payment for an overriding royalty and we held that the properties were not of like kind within the meaning of the statute. One of the material elements that prompted our conclusion was that under the oil payment given in exchange there was a limitation on the amount that the taxpayer was to receive, whereas its rights under the overriding royalty were to continue as long as oil or gas might be produced from the property. No such difference in facts exists in the present case and, therefore, the Midfield Oil decision is not controlling here.

The regulations and the above cited cases establish certain fairly broad classes of property within which nontaxable exchanges may occur. The properties which were transferred reciprocally in the present case seem to us to fall together within a single one of the classes which are thus plotted. Both were interests in realty; under either the general law or the law of the State of Louisiana the interest which the petitioner's transferee in the exchange received was

a real right in the land. *Shaw* v. *Watson*, 151 La. 893; 92 So. 375; *Gulf Refining Co. of Louisiana* v. *Glassell*, 186 La. 190; 171 So. 846; *Texas Co.* v. *Daugherty*, 107 Tex. 226; 176 S.W. 717; *Decatur Coal Co.* v. *Clokey*, 322 Ill. 253; 163 N.E. 702; 1 Thornton, Law of Oil and Gas, sec. 20 (b). The respective natures of the properties exchanged in this case, therefore, may be seen to coincide and accordingly our decision must be for the petitioner.

*Decision will be entered under Rule 50.*