**PETTIT v. COMMISSIONER OF INTERNAL REVENUE (two cases).**

**Nos. 9586, 9587.**

Circuit Court of Appeals, Fifth Circuit.

March 22, 1941.

Russell Allen and W. B. Harrell, both of Dallas, Tex., for petitioners.

Lee A. Jackson, Sewall Key, Oliver W. Hammonds, and Helen R. Carloss, Sp. Assts. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Irving M. Tullar, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

These are appeals from a decision of the Board of Tax Appeals denying the contention petitioners made, with the Commissioner, and before the Board that the proceeds of pipe line sales of oil in the years 1934, 35, 36, were capital gains under Section 117, Revenue Act of 1934.[1]

The Board's opinion[2] correctly, fully, and in detail sets out the facts. We need not repeat, we need only give the substance of, that fact statement.

Petitioners are the owners of certain oil purchase contracts giving them the right to specified amounts of oil in the ground and entitling them to have it lifted and delivered to them in pipe lines. Under the contracts and practices of the parties, this delivery was effected by the operator by running all of the oil produced, his and theirs, into pipe lines, and there selling it all to the carriers, who, under division orders, accounted to petitioners for their part.

Nothing daunted by Burnet v. Harmel, 287 U.S. 103, 53 S.Ct. 74, 77 L.Ed. 199, the long line of cases following, and the consistent tax practices since, petitioners boldly insisted below, as boldly insist here; that by these contracts they acquired, as capital assets, a large number of barrels of oil in place; that as particular barrels were lifted and sold, they retained this character; and that the proceeds of the pipe line sales were therefore necessarily sales of capital assets.

The Commissioner conceded that, by the contracts, petitioners acquired the right to have specified quantities of oil lifted and delivered to them above ground, and that petitioners had an economic interest in the oil which entitled them to depletion. He conceded too that "if petitioners had sold their contracts outright, they would have been entitled to the benefit of the capital gains provision."[3]

He insisted, however, that since petitioners did not sell their economic interest in the oil in place, but only particular barrels as lifted, the sale of these barrels, under Burnet v. Harmel, represented not a sale of capital assets but income from the working of the wells. The Board agreed with the Commissioner. We agree with the Board.

Upon these facts there can be no valid basis for distinguishing this case from Harmel's. Anderson v. Helvering, 310 U.S. 404, 60 S.Ct. 952, 84 L.Ed. 1277, which controls this case, clearly points this out. Cf. Morrow v. Scofield, Commissioner, 5 Cir., 116 F.2d 17.

The Board's order is affirmed.

---

[1] Title 26 U.S.C.A. Int.Rev.Code, § 117.

[2] 41 B.T.A. 264.

[3] Cf. Anderson v. Commissioner, 10 Cir., 81 F.2d 457, 104 A.L.R. 676.