## COMMISSIONER OF INTERNAL REVENUE v. CRICHTON.

### No. 9800.

Circuit Court of Appeals, Fifth Circuit.

Aug. 9, 1941.

Richard H. Demuth, Sewall Key, and Warren F. Wattles, Sp. Assts. to the Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Irving M. Tullar, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for petitioner.

Felix O. Rousset and Leo L. Dubourg, both of New Orleans, La., for respondent.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

In 1936, respondent and her three children, owning, in undivided interests, a tract of unimproved country land and an improved city lot, effected an exchange of interests. Her children transferred to respondent their undivided interest in the city lot. Respondent transferred to her children, as of equal value, an undivided 3/12 interest in the "oil, gas and other minerals, in, on and under, and that may be produced from" the country land. The 1/2 interest conveyed to respondent had a value of $15,357.77. The interest respondent transferred to her children had a cost basis of zero.

Respondent treating the exchange as one of property for property of like kind and therefore nontaxable under Section 112 (b) (1),[1] Revenue Act of 1936, 26 U.S.C. A.Int.Rev.Acts, page 855, did not report any profit therefrom. The commissioner, of the opinion that the exchange resulted in a capital gain of $15,357.71, under Section 117, Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts, page 873, determined a deficiency of $628.66 acccordingly.

---

[1] "§ 112. Recognition of Gain or Loss. * * * (b) Exchanges solely in kind. (1) Property held for productive use or investment. No gain or loss shall be recognized if property held for productive use in trade or business or for investment (not including stock in trade or other property held primarily for sale, nor stocks, bonds, notes, choses in action, certificates of trust or beneficial interests, or other securities or evidences of indebtedness or interest) is exchanged solely for property of a like kind to be held either for productive use in trade or business or for investment."

 The Board[2] of the opinion that the exchange was "solely in kind", disagreed with the commissioner and on redetermination fixed the deficiency at $86.46. The commissioner is here insisting that the Board has wrongfully decided the question. We do not think so. We agree with the Board that whatever difficulty there might have been, if the statute stood alone, in determining the meaning of the very general words it uses, as applied to the facts of this case, that difficulty vanishes in the light of Treasury Regulation 94,[3] if that regulation is valid, and we think it quite clear that it is. As was the case with regard to the statute considered in Helvering v. Reynolds Tobacco Co., 306 U.S. 110, 113, 59 S.Ct. 423, 425, 83 L.Ed. 536, so here, the section "is so general in its terms as to render an interpretative regulation appropriate."

As was the case there, so here, "the administrative construction embodied in the regulation has [for many years], been uniform with respect to each of the revenue acts, * * *, as evidenced by Treasury rulings and regulations, and decisions of the Board of Tax Appeals."

 The commissioner concedes, as he must, that under Louisiana law, mineral rights are interests not in personal but in real property, and that the rights exchanged were real rights. In the light therefore of the rule the regulation lays down, of the examples given in the illustrations it puts forth, and of the construction which, under its interpretation, the statute has been given throughout this long period, it will not do for him to now marshal or parade the supposed dissimilarities in grade or quality, the unlikenesses, in attributes, appearance and capacities, between undivided real interests in a respectively small town hotel, and mineral properties. For the regulation and the interpretation under it, leave in no doubt that no gain or loss is realized by one, other than a dealer, from an exchange of real estate for other real estate, and that the distinction intended and made by the statute is the broad one between classes and characters of properties, for instance, between real and personal property. It was not intended to draw any distinction between parcels of real property however dissimilar they may be in location, in attributes and in capacities for profitable use.

The order of the Board was right. It is affirmed.

---

[2] 42 B.T.A. 490.

[3] "Art. 112 (b) (1)-1. Property held for productive use in trade or business or for investment.—As used in section 112 (b) (1), the words 'like kind' have reference to the nature or character of the property and not to its grade or quality. One kind or class of property may not, under this paragraph, be exchanged for property of a different kind or class. The fact that any real estate involved is improved or unimproved is not material, for such fact relates only to the grade or quality of the property and not to its kind or class. Unproductive real estate held by one other than a dealer for future use or future realization of the increment in value is held for investment and not primarily for sale.

"No gain or loss is recognized if (1) a taxpayer exchanges property held for productive use in his trade or business, together with cash, for other property of like kind for the same use, such as a truck for a new truck or a passenger automobile to be used for like purpose, or (2) a taxpayer who is not a dealer in real estate exchanges city real estate for a ranch or farm, or a leasehold of a fee with 30 years or more to run for real estate, or improved real estate for unimproved real estate, or (3) a taxpayer exchanges investment property and cash for investment property."