**LEE et al. v. COMMISSIONER OF INTER-NAL REVENUE.**

No. 9878.

Circuit Court of Appeals, Fifth Circuit.

March 28, 1942.

Harry C. Weeks, of Fort Worth, Tex., for petitioners.

Edward H. Hammond, Sewall Key, and J. Louis Monarch, Sp. Assts. to the Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and C. R. Marshall, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

In an opinion[1] fully finding the facts and developing the principles thought to be controlling, as to oil payment contracts petitioners had acquired at different times and under differing circumstances the Board declared; that the interest of petitioner was an interest in the oil in place; "that they must look to depletion for the recovery of their cost and may not recoup cost out of production before being required to report any of the proceeds as gross income" [42 B.T.A. 1217, 1228]; and entered its decision and order accordingly. Petitioners invoking Commissioner v. Laird,[2] insist: that their right to receive the sums specified was entirely contingent upon the production of oil; that in each case the result was speculative and uncertain; that the receipts from them are primarily a return of capital; and that they are entitled to recoup their cost before accounting for any receipts as income.

Recognizing that in Dearing v. Com'r, 5 Cir., 102 F.2d 91 and Fleming v. Commissioner, 5 Cir., 121 F.2d 7, it was held that the cost of oil payments acquired for drilling wells must be recovered, as royalty costs are, by depletion, though in the Laird case it was held that oil payments received by inheritance, may have their cost recouped before income results, petitioners reasonably insist that the source of the payments is not a sound basis for distinguishing them from the Laird case.

We agree with petitioners. What has happened here, in its evolutionary processes and effects, has happened often before in the law and it will happen again. The administrative and judicial view and treatment of oil payments as to cost recovery, has little by little more closely identified them with oil royalties. The resemblances between the two have outweighed the differences and it has been finally determined as to them both; that taxpayers make capital investments in oil and gas in place, alike whether they acquire royalties or oil payments; that the production of oil and gas, for the benefit of royalty and oil payment owners is an income producing operation, not a conversion of capital investment; and that as to each,

[1] 42 B.T.A. 1217.     [2] 5 Cir., 91 F.2d 498.

for the recovery of cost, depletion must be alone looked to. Anderson v. Helvering, 310 U.S. 404, 60 S.Ct. 952, 84 L.Ed. 1277; Pettit v. Com'r, 5 Cir., 118 F.2d 816; Columbia Oil & Gas v. Com'r, 5 Cir., 118 F.2d 459; Com'r v. O'Shaughnessy, Inc., 10 Cir., 124 F.2d 33.

It being the accepted view now that the receipts of oil payments are the result of an income producing operation, and not of one which merely returns capital, it follows that the theory on which the Laird case was rested, that the receipts of oil payments were returns, not of income but of capital, has fallen and that the case must be regarded as overruled. The order of the Board was right. It is affirmed.