## LUM v. COMMISSIONER OF INTERNAL REVENUE.

### No. 8677.

Circuit Court of Appeals, Third Circuit.

Argued Dec. 5, 1944.

Decided Jan. 30, 1945.

Ernest C. Lum, of Newark, N. J. (Lum, Fairlie & Wachenfeld, of Newark, N. J., on the brief), for petitioner.

S. Dee Hanson, of Washington, D. C. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and A. F. Prescott, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before GOODRICH and McLAUGHLIN, Circuit Judges, and FAKE, District Judge.

GOODRICH, Circuit Judge.

Petitioner seeks review of a decision of the Tax Court upholding Commissioner's determination of deficiencies in income tax for the years 1939, 1940 and 1941 for failure to include in gross income rent received from petitioner's half interest as a tenant in common of property in Newark, New Jersey. The facts which were stipulated dis-

close three successive leases were executed by the lessors, and promptly after each petitioner executed and delivered to his wife an instrument assigning to her certain rights under the lease. The first assignment expressly provided that it was limited to the rents and did "not relate to or include any other interest of assignor in the leased premises." The two later assignments contained no such limitation but assigned the taxpayer's rights as "landlord." Taxpayer took deductions on his tax returns for half of the real estate taxes, repairs, insurance, water and depreciation charges on the premises.

■ The petitioner and his assignee are residents of New Jersey and the real estate is located there. The assignments are governed by the law of that state. Blair v. Commissioner of Internal Revenue, 1937, 300 U.S. 5, 57 S.Ct. 330, 81 L.Ed. 465. By a statute of New Jersey assignees of "real estate, let to lease" are recognized and granted like advantages against the lessees as the lessors might have had or enjoyed. N.J.Rev.Stats.1937, 46:8–2, N.J.S.A. 46:8–2. Assignment of rent is valid in New Jersey and if made before due, the assignee may maintain an action therefor in his own name. Ryerson v. Quackenbush, 1857, 26 N.J.L. 236.

■ Whether lessor or his assignee is taxable for such rent for income tax purposes depends not upon the local law but upon whether the rent comprises part of lessor's or assignee's gross income under section 22(a) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 22(a). That section and § 19.22 (a)-1 of Treasury Regulations 103, applicable to the years here involved define gross income as including "gains, profits, and income derived from * * * interest, rent, dividends * * *."

■ The argument for the Commissioner places the case under the line of Supreme Court decisions holding a taxpayer responsible for "constructive receipt" of income, when he has retained the ownership of the source of income but sought to transfer its fruits before the crop is gathered.

For example, see Harrison v. Schaffner, 1941, 312 U.S. 579, 61 S.Ct. 759, 85 L.Ed. 1055; Helvering v. Horst, 1940, 311 U.S. 112, 61 S.Ct. 144, 85 L.Ed. 75, 131 A.L.R. 655; Helvering v. Eubank, 1940, 311 U.S. 122, 61 S.Ct. 149, 85 L.Ed. 81. The first assignment falls precisely within the scope of these decisions. This was conceded by counsel for the taxpayer when the case was argued to this Court. For the year 1939, therefore, the Commissioner's position is correct.

■ We find a technical but real difference however in the later assignments made by the taxpayer. The effect of these assignments was to make the assignee the owner of the "real estate let to lease," and included in the very illustration instanced by the court in Helvering v. Horst in commenting upon the Blair case. See 311 U.S. on page 119, 61 S.Ct. on page 148, 85 L.Ed. 75, 131 A.L.R. 655.[1]

This, as the Second Circuit pointed out in Midwood Associates, Inc. v. Commissioner of Internal Revenue, 1940, 115 F.2d 871 is not a question of fact but an interpretation of a written document which the court is free to construe for itself.[2]

■ The question in a case like this, as pointed out by the Supreme Court in Harrison v. Schaffner, supra, 312 U.S. at page 583, 61 S.Ct. at page 762, 85 L.Ed. 1055, is one of drawing the line between a gift of interest in property and the gift of income for a period of time. Such drawing the line "is a recurrent difficulty in those fields of the law where differences in degree produce ultimate differences in kind." We draw the line here upon the difference between the first transfer and the second two. After the first the landlord retained his interest and made a gift of the rent. He is still taxable. In the second two, he transferred his interest as landlord. His transferee is responsible for income tax on the rent received under the lease.

The decision of the Tax Court is affirmed for the year 1939; reversed for 1940 and 1941.

---

[1] The words are: " * * * the income of the trust was regarded as no more the income of the donor than would be the rent from a lease or a crop raised on a farm after the leasehold on the farm had been given away."

[2] The decision is urged upon us by the Commissioner but is not in point. The resolution directing the payment of certain rents contained no words of assignment or of trust. The court said also that the conduct of the parties over eleven years was as consistent with the theory of a revocable and permissive arrangement as with that of the intention of an assignment or declaration of trust.