## FLEMING et al. v. CAMPBELL.
### No. 14338.

United States Court of Appeals
Fifth Circuit.

June 26, 1953.

Harry C. Weeks, Fort Worth, Tex., Weeks, Bird, Cannon & Appleman, Fort Worth, Tex., of counsel, for appellant.

Carlton Fox, Ellis N. Slack, Sp. Assts. to Atty. Gen., Charles S. Lyon, Asst. Atty. Gen., H. Brian Holland, Asst. Atty. Gen., A. F. Prescott, and Joseph F. Goetten, Sp. Assts. to Atty. Gen., Frank B. Potter, U. S. Atty., Fort Worth, Tex., William Cantrell, Jr., Asst. U. S. Atty., Dallas, Tex., for appellee.

Before HUTCHESON, Chief Judge, and RUSSELL and STRUM, Circuit Judges.

HUTCHESON, Chief Judge.

The suit was to recover overpayments of taxes for the year 1945. The claim was that an exchange in that year of an undivided fractional oil, gas, and other mineral interest in Ector County, Texas, for overriding royalty and mineral interests in and to the oil in and under named leasehold estates in Gregg County, Texas, until grantee had received oil of the value of $43,000, was, under Section 112(b) (1),[1] an exchange solely in kind of property held for Productive Use or Investment; and that the commissioner had erroneously rejected their claim.

Tried on stipulated facts, there was a judgment for defendant, the district judge stating orally and briefly his reasons therefor.[2]

---

1. "(b) Exchanges solely in kind—

"(1) Property held for productive use or investment. No gain or loss shall be recognized if property held for productive use in trade or business or for investment (not including stock in trade or other property held primarily for sale, nor stocks, bonds, notes, choses in action, certificates of trust or beneficial interest, or other securities or evidences of indebtedness or interest) is exchanged solely for property of a like kind to be held either for productive use in trade or business or for investment." 26 U.S.C.A. § 112(b) (1).

2. "I find the facts to be as stipulated, gentlemen.

I also find that the exchange of properties were related to the production of crude petroleum in two different counties of the State of Texas.

I find that the East Texas oil and gas leases were in fee.

Appealing from the judgment, plaintiffs, here urging its reversal, thus state the question for our decision.[3] Putting forward and strongly relying, in support of its position, on the decision of this court in Commissioner of Internal Revenue v. Crichton, 122 F.2d 181, appellants insist that there is no basis in either the statute or in Treasury Regulation 111, Sec. 29.-112(b) (1)–1 for the district court's view that because the mineral interests were of indefinite, and the oil payments were of definite, duration, that is, were to cease when oil of a named value had been obtained from the property, the exchange was not of property of like kind.

The appellee, planting himself on illustration No. 2 in the regulation[4] as controlling here, insists that the mineral interest in the Ector County lands was an interest in fee and that in the Gregg County lands, for which it was exchanged, was a leasehold of a fee which does not have thirty or more years to run, and that therefore under the regulation the interests exchanged were not of like kind.

We cannot agree. In the first place, both interests exchanged were interests in land.[5]

In the second place, neither interest was a "leasehold of a fee" in the sense in which that term is used in the regulation. Both were interests in minerals in place. Both were therefore interests in land, interests not in personal but in real property, in short, real rights.[6]

Bearing in mind that neither the statute nor the regulation requires that the things exchanged be identical but only that they be "of a like kind", we think it would be difficult to find interests more like in kind than are these mineral interests. Certainly if, as we held in the Crichton case, an exchange of taxpayer's undivided interest in minerals in unimproved country land for an undivided interest in improved city land, was an exchange solely for property of like kind, the exchange here of mineral interests for mineral interests was not an exchange of property of unlike kind merely because one of the mineral interests was of indefinite, the other of definite duration.

What we said in that case[7] applies with fullest force here. The judgment is reversed and the cause is remanded with directions to enter judgment for plaintiffs.

---

I find that the oil payments assigned were not in fee; they only continued so long, on tracts 1, 2 and 3, as produced $11,000.00 without cost to the grantee; $10,000.00 on tract 2 without cost to the grantee; and $20,000.00 without cost to the grantee, the grantor paying the costs. That made a total revenue which the grantee was to secure, of $43,000.00.

I find that to be a limited title.

I think the judgment should go for the defendant, gentlemen."

3. "The question is whether this section permits the exchange of a limited overriding royalty (oil payment) interest in Texas lands solely for a mineral interest in other Texas lands without the recognition of gain, none of the excepting provisions being applicable. Stated otherwise, are the limited overriding interests and the mineral interest properties 'of a like kind' under this statute? Appellants contend that they are."

4. "No gain or loss is recognized if (1) a taxpayer exchanges property held for productive use in his trade or business, together with cash, for other property of like kind for the same use, such as a truck for a

new truck or a passenger automobile for a new passenger automobile to be used for a like purpose, or (2) a taxpayer who is not a dealer in real estate exchanges city real estate for a ranch or farm, or a leasehold of a fee with 30 years or more to run for real estate, or improved real estate for unimproved real estate, * * *".

5. Sheffield v. Hogg, 124 Tex. 290, 77 S.W. 2d 1021; Stephens County v. Mid-Kansas Oil & Gas Co., 113 Tex. 160, 254 S.W. 290, 29 A.L.R. 566; W. T. Waggoner Estate v. Sigler Oil Co., 118 Tex. 509, 19 S.W.2d 27; Tennant v. Dunn, 130 Tex. 285, 110 S.W.2d 53; Sheppard v. Stanolind Oil & Gas Co., Tex.Civ.App., 125 S.W.2d 643; Lockhart v. Williams, 144 Tex. 553, 192 S.W.2d 146; Lee v. Commissioner, 5 Cir., 126 F.2d 825.

6. Lockhart v. Williams; Lee v. Commissioner; Sheppard v. Stanolind; Note 5, supra. Commissioner v. Crichton, 5 Cir., 122 F.2d 181, 182.

7. "For the regulation and the interpretation under it, leave in no doubt that no gain or loss is realized by one, other than a dealer, from an exchange of real estate for other real estate, and that the distinc-

tion intended and made by the statute is the broad one between classes and characters of properties, for instance, between real and personal property. It was not intended to draw any distinction between parcels of real property however dissimilar they may be in location, in attributes and in capacities for profitable use."