LESTER A. NORDAN AND PEARL N. NORDAN, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 42226.    Filed August 31, 1954.

*Leroy G. Denman, Jr., Esq.*, for the petitioners.
*F. S. Gettle, Esq.*, for the respondent.

OPINION.

MURDOCK, *Judge:* The only issue for decision is whether the Commissioner erred in disallowing a deduction of $111,925.95 claimed under section 23 (o) of the Internal Revenue Code of 1939 as a contribution to a church. The facts have been presented by a stipulation which is adopted as the findings of fact.

The petitioners, husband and wife, filed a joint income tax return for 1949 with the collector of internal revenue at Austin, Texas.

The petitioners, oil and gas operators, owned, developed, and operated certain oil properties under two oil and gas leases. They executed a deed of gift on December 1, 1949, conveying, as of 7 a. m. on that day, an undivided one-eighth interest in the oil, gas, and minerals in place and which might be produced, under the two leases subject to conditions in part as follows:

By the terms of this grant and conveyance, it is the intent and desire of Grantor, L. A. Nordan and his wife, Pearl Neugent Nordan, that Grantee, Central Christian Church of San Antonio, Texas, receive the total sum of ONE HUNDRED FIFTEEN THOUSAND AND NO/100 DOLLARS ($115,000.00) from the proceeds of oil, gas or other minerals when, as and if produced and sold from the fractional interest in producing properties as herein and hereby conveyed. Full, complete and absolute title to the property interest so conveyed shall remain in the said Central Christian Church until the total consideration of ONE HUNDRED FIFTEEN THOUSAND AND NO/100 DOLLARS ($115,-000.00) is received by the said church. If the total consideration here enumerated is never received from the production of oil, gas or other minerals as here provided, then the property interest conveyed shall never revert to nor revest in L. A. Nordan and his wife, Pearl Neugent Nordan. And in such event L. A. Nordan and Pearl Neugent Nordan shall be under no obligation to make payments to the said Central Christian Church from other sources, in order that the total gift herein enumerated of ONE HUNDRED FIFTEEN THOUSAND DOLLARS ($115,000.00) might, in all events, be liquidated.

The deed further provided that as soon as the $115,000 had been received by the church from the production under the leases the conveyance would expire and title to the remaining oil, gas, and minerals under the land would revert to the grantors, their heirs, or assigns.

The church was a corporation of the kind defined in section 23 (o) (2).

$111,925.95 "was the fair market value on December 1, 1949, of the property conveyed by the petitioners" to the church. The petitioners claimed a deduction of that amount on their 1949 return as a charitable contribution. The Commissioner, in determining the deficiency, disallowed the deduction. He explained that the deduction "was based upon the donative in-oil assignment of $115,000" to the church which received no payments during 1949 and "you donated only a right to share in future income."

The property conveyed by the petitioners to the church was sold by the latter on January 1, 1950, to a third party for $109,825 in cash and the purchaser pledged it for a debt which he owed a bank. An oil company made payments to the church or its assignee on account of the deed of gift during 1950 totaling $115,000, no part of which was paid or available to the recipients prior to January 1, 1950.

The Commissioner added $109,825 to the petitioners' income for 1950 and allowed a like amount as a charitable deduction and $30,201.87 as depletion on that income.

This case is not distinguishable in principle from *R. E. Nail et al., Executors*, 27 B. T. A. 33, cited with approval in *McCulley Ashlock*, 18 T. C. 405, 412. The Commissioner acquiesced in that case but withdrew his acquiescence in 1949. These petitioners did not convey merely the right to $115,000 of future income. *Ortiz Oil Co.* v. *Commissioner*, 102 F. 2d 508, affirming 37 B. T. A. 656, certiorari denied 308 U. S. 566; *Lee* v. *Commissioner*, 126 F. 2d 825, affirming 42 B. T. A. 1217. The Commissioner has stipulated that they conveyed property which had a fair market value at the date of transfer of $111,925.95. Cf. Regs. 111, sec. 29.23 (o)–1. No income from the property had accrued at the date of the transfer by gift of the oil, gas, and minerals in place. The income accrued from the production of oil after the petitioners had conveyed the property. Cf. *Edward G. Swartz, Inc.* v. *Commissioner*, 69 F. 2d 633, affirming 25 B. T. A. 1065; *Blair* v. *Commissioner*, 300 U. S. 5; *United States* v. *First National Bank of Birmingham*, 74 F. 2d 360; *Lum* v. *Commissioner*, 147 F. 2d 356. That income, incidentally, was not paid to the church but to a purchaser from the church. The petitioners retained only a reversionary interest in the property. Cases where the right to receive income in the future was transferred or where title to the income producing property was retained are not in point.

There is no reason to recede from the position taken in the *Nail* case, *supra*.

*Decision will be entered under Rule 50*