W. F. WEED, INDIVIDUAL, AND ESTATE OF ELEANOR M. WEED, DECEASED, W. F. WEED, EXECUTOR, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 46312.   Filed September 22, 1955.

*Peter B. Wells, Esq.,* for the petitioners.
*W. B. Riley, Esq.,* for the respondent.

---

1026

1028

BLACK, *Judge:* Some of the adjustments made by the Commissioner in his determination of the deficiencies are not contested and these adjustments will be given effect in a recomputation under Rule 50.

The issues which we do have before us are common to both years. Petitioner states the issues in his brief as follows:

1. Whether the Commissioner erred in taxing to petitioner as ordinary income for the years 1948 and 1949 proceeds from the 1947 sale of a sulphur royalty and whether such proceeds are long term capital gains and properly reported on the installment basis.

2. If it be determined that petitioner realized ordinary income from the sale of such sulphur royalty, whether all the proceeds should be reported as ordinary income for the year 1947.

The amounts which petitioner has received in each of the taxable years in return for the limited sulphur royalty (hereinafter referred to as a sulphur payment) which he conveyed to Munro in 1947, are not in dispute. Petitioner, in joint returns filed with his wife, returned the profits from those receipts in each taxable year as capital gain on the installment basis. The Commissioner does not question use of the installment basis in returning the income for taxation nor does he question the accuracy of the amounts of the profits reported. He does question petitioner's right to use the capital gain method and has determined that the gain from the conveyance of the sulphur payment is taxable as ordinary income and not as capital gain. That determination is based on the Commissioner's conclusion that the transaction in issue was an assignment of income itself rather than the conveyance of income-producing property.

In support of the treatment of gains from the transaction as capital gains petitioner cites and relies upon our recent decisions in *Lester A. Nordan*, 22 T. C. 1132; *John David Hawn*, 23 T. C. 516, now on review in the Fifth Circuit; and other cases which were cited and discussed in the *Nordan* and *Hawn* cases. We think petitioner must prevail on the strength of these authorities, as well as the more recently decided *Caldwell* v. *Campbell*, (C. A. 5) 218 F. 2d 567; *Wm. Fleming*, 24 T. C. 818; and *A. J. Slagter, Jr.*, 24 T. C. 935. It is true that in the aforementioned cases the mineral interests which were involved were oil payments, whereas here sulphur payments are involved. However, we think that fact makes no difference and that the same rule

must be applicable to the sale and transfer of sulphur payments as applies to the sale and transfer of oil payments.[2] We so hold and, following the above decisions, we decide this issue in favor of petitioner. Since those cases adequately discussed the point of law involved it is unnecessary to here repeat the discussion.

In his brief, respondent attempts to distinguish the *Nordan*, *Hawn*, and *Caldwell* cases, all *supra*, upon the grounds that the taxpayers therein transferred their *entire* interests in oil in place, retaining only a reversionary interest therein after satisfaction of the oil payments from the interests conveyed, whereas here petitioner conveyed merely a fractional part of his interest in sulphur in place (86.254514 per cent of his pooled royalty interest of $0.00966133, that is to say $0.00833333 per long ton on 6,000,000 long tons of sulphur to be produced) and retained not only a reversionary interest in the fraction conveyed (after satisfaction of the sulphur payment therefrom) but a *continuing* interest in sulphur in place to the extent of $0.001328 per long ton produced. Respondent argues, therefore, that the principle applied in those cases is not here applicable.

We fail to see any merit in this argument. Having once determined in the aforementioned cases that the conveyance of a mineral payment constitutes the transfer of property rather than the assignment of income, we see no distinction in carving out that interest in the manner herein employed by petitioner so long as the transaction itself is bona fide. The only particular in which respondent's argument differs from those made by him in the aforementioned cases is as regards the fractioning and, certainly, it is clear that the conveyance of a fractional part of one's interest in income-producing mineral property is not itself regarded by respondent as resulting in tax treatment different from that which would be applicable if the entire interest were conveyed.[3] Moreover, a careful study of the whole record in *Nordan*, as well as in *Wm. Fleming* and *A. J. Slagter, Jr.*, all *supra*, reveals that in fact the taxpayers therein did *not* convey their entire interests but, as did petitioner here, carved out the transferred mineral payments from the entire interests which they owned.

[2] Cases dealing with minerals other than oil and gas have played their parts in the development of the law applicable to oil and gas. See, e. g., G. C. M. 22730, 1941–1 C. B. 214, citing *Bankers' Pocahontas Coal Co.* v. *Burnet*, 287 U. S. 308 (coal). Conversely, we think that those principles stated in oil and gas cases are applicable alike to other minerals, absent evidence of special circumstances compelling a distinction (such as substantial differences in controlling provisions of the Internal Revenue Code). As stated in G. C. M. 22730, *supra*, at page 219, "Like issues arise in the oil and mineral cases which are cited interchangeably in the evolution of the applicable rules."

[3] In G. C. M. 12118, XII–2 C. B. 119, respondent stated that a taxpayer's unlimited conveyance, with no retained reversion, of a fraction of his royalty interest (e. g., conveyance in fee of one-half of a one-eighth overriding royalty) may be treated as the sale of a capital asset. Similarly, in I. T. 4003, 1950–1 C. B. 10, 11, respondent's apparent position is that the assignment of an oil payment representing a fraction of the taxpayer's interest, but extending over the entire life of the mineral property, may be treated as the sale of a capital asset.

Respondent in his determination of the deficiencies has allowed petioner percentage depletion on the money received from Munro for sale of the sulphur payment. But petitioner was not the owner of the sulphur royalties at the times he received such money from Munro and, therefore, was clearly not entitled (nor does he claim to be so entitled) to any deductions for depletion. See *John David Hawn, supra.*

Having decided the primary issue in petitioner's favor it is not necessary to decide his alternative contention that, if we should hold that his gains from the sale and transfer to Munro are taxable as ordinary income, then it should all have been reported in 1947, the year of sale, and that none should have been reported in 1948 and 1949.

*Decision will be entered under Rule 50.*