**COMMISSIONER OF INTERNAL REVENUE, Petitioner,**

v.

**W. F. WEED, Individual, and Estate of Eleanor M. Weed, Deceased, W. F. Weed, Executor, Respondents.**

**No. 16105.**

United States Court of Appeals Fifth Circuit.

Feb. 1, 1957.

John N. Stull, Melva M. Graney, Attys., Dept. of Justice, Charles K. Rice, Asst. Atty. Gen., Washington, D. C., Hilbert P. Zarky, Atty., Dept. of Justice, John Potts Barnes, Chief Counsel, Claude R. Marshall, Sp. Atty., I.R.S., Washington, D. C., for petitioner.

Peter B. Wells, Beaumont, Tex., for respondents.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

HUTCHESON, Chief Judge.

This appeal is from a decision of the Tax Court, 24 T.C. 1025, holding that gain resulting from taxpayer's sale and transfer of a sulphur payment carved out of his pooled royalty was taxable as long term capital gain.

It presents the single question whether the proceeds received by taxpayer from the transfer of a sulphur payment carved out of his $.00966133 per long ton pooled royalty interest, which he had owned for years, consisting of approximately 86 percent thereof, effective until the assignee shall have received 6,000,000 long

tons of sulphur and no longer, which was expected to pay out within four years but actually paid out in 28 months, constituted ordinary income subject to depletion rather than, as the Tax Court held, capital gain under 1939 Code, Sec. 117, 26 U.S.C.A. § 117;

Here, contending that this case is clearly controlled by, and requires the same result as that reached in, Commissioner of Internal Revenue v. Hawn, 5 Cir., 231 F.2d 340, urging that the transfer of a sulphur payment carved out of royalty has no better status than the transfer of an oil payment so carved, the commissioner insists that the transfer was not effective as a sale of capital assets because it was not of a substantial part of the total property owned by taxpayer assignor.

1. Sheffield v. Hogg, 24 Tex. 290, 77 S.W. 2d 1021; Tennant v. Dunn, 130 Tex. 285, 110 S.W.2d 53; A. W. Walker, Jr., "Oil Payments", 20 Texas Law Review, p. 259.

2. Lee v. Commissioner, 5 Cir., 126 F.2d 825; Fleming v. Campbell, 5 Cir., 205 F. 2d 549; Ortiz Oil Co. v. Commissioner, 5 Cir., 102 F.2d 508; to which may be added Caldwell v. Campbell, 5 Cir., 218 F.2d 567 and Commissioner of Internal Revenue v. Hawn, 5 Cir., 231 F.2d 340.

3. Briefly summarized, these are:
Dec. 23, 1947, taxpayer Weed owned a pooled overriding royalty interest in sulphur produced by the Texas Gulf Sulphur Company from a sulphur deposit in Wharton County, Texas, known as Boling Dome; this interest entitled him to receive $.00966133 per long ton of sulphur produced.

At the same time taxpayer was supplying funds and credit for a number of companies of which he was principal stockholder, and anticipated he would need all of the bank credit available to him for these enterprises. Further, he realized that, in addition, he needed a definite source of funds for payment of his individual federal income taxes.

In the fall of 1947, taxpayer negotiated with Munro for the realization of these funds, and transferred to Munro 86.-254514% of taxpayer's pooled royalty interest of $.00966133 (i. e. $.0083333) per long ton on six million tons of Boling Dome sulphur in exchange for $13,900 cash and two notes of $16,300 each; the six million tons of sulphur were produced 28 months thereafter.

The taxpayer, points out that the Texas courts have determined that mineral payment rights in Texas are real property interest[1] and that that view has been consistently held by the Texas Courts, United States Courts of Appeals,[2] and the United States Supreme Court, which, in Thomas v. Perkins, 301 U.S. 655, 57 S.Ct. 911, 81 L.Ed. 1324, determined the nature of an oil payment for income tax purposes and established the rule that an oil payment creates an economic interest in the mineral in place so pointing he insists that under the undisputed facts of this case,[3] fully set out in the opinion of the Tax Court, to which reference is here made, the transaction constituted the bona fide and effective sale of a substantial min-

The taxpayer disclosed the transaction fully in his 1947 tax return, treating the proceeds as capital gains and reporting the profits on the installment basis. Taxpayer's 1948 and 1949 returns reported the $16,300 received from Munro for each such year as long term capital gain. The Commissioner determined that the 1948 and 1949 payments were taxable as ordinary income, subject to depletion. The Tax Court held these proceeds were realized from the sale of a sulphur payment and constituted capital gain.

The following are the pertinent portions of the assignment:

"I, W. F. Weed, in consideration of [$13,900 cash and the two $16,300 notes] * * * do hereby Sell, Transfer, and Assign, unto the said Marion F. Munro, * * * 86.254514% of $.00966133 per long ton pooled royalty on sulphur produced by Texas Gulf Sulphur Company at Boling Dome, Wharton County, Texas from lands and premises described in said above named conveyances [to petitioner from his father and his father's estate] until 6,000,000 long tons of sulphur have been produced and accounted for to the said Marion F. Munro therefrom, which royalty so sold and here assigned and conveyed amounts to $.0083333 per long ton.
* * * * *

"This assignment and the royalty transferred and assigned hereby on surphur produced from Boling Dome * * * shall continue to be effective until said Marion F. Munro shall have received said royalty on 6,000,000 long tons of sulphur and no longer.

eral interest entitling it to capital gains treatment.

Upon the considerations advanced by the Tax Court and for the reasons set out by us in Scofield v. O'Connor, 5 Cir., 241 F.2d 65, we agree with the respondents and with the Tax Court that the gain in question constituted not ordinary income subject to depletion but capital gain.

The Tax Court's decision is therefore affirmed.