**BLANKENSHIP v. UNITED STATES.***

No. 8507.

Circuit Court of Appeals, Fifth Circuit.

March 25, 1938.

*Rehearing denied May 4, 1938.

508

Thomas A. Carpenter, of Dallas, Tex., for appellant.

Wm. B. Waldo and Sewall Key, Sp. Assts. to Atty. Gen., and James W. Morris, Asst. Atty. Gen., Clyde O. Eastus, U. S. Atty., of Fort Worth, Tex., and John A. Erhard, Asst. U. S. Atty., and J. L. Backstrom, Sp. Atty., Bureau of Internal Revenue, both of Dallas, Tex., for the United States.

Before SIBLEY and HUTCHESON, Circuit Judges, and STRUM, District Judge.

SIBLEY, Circuit Judge.

R. E. Blankenship owned a mineral lease on 80 acres of land in Texas, and in 1931 assigned it to a purchaser under a contract by which, in addition to $50,000 paid down, the assignee was to pay "as a part of the consideration for said assignment * * * one-fourth of the net profits, if any, that may result from operations conducted on said property" by the assignee. The net profits were to be ascertained by treating as gross income "the value of oil produced and saved" or "the actual proceeds derived from sale of gas" or other minerals, and by deducting the $50,000 paid down, all royalties and rentals paid, taxes, premiums for workmen's insurance, labor, fuel, equipment, office expenses, and in general all costs of operation. Settlement was to be made semiannually, a loss in one period being carried over to the next. No production was had the first year, nor ever, so far as appears. Blankenship in settling his income tax for 1931 claimed a depletion allowance of 27½ per cent. against the $50,000 paid him. The Commissioner disallowed. So did the District Court in a suit against the United States to recover the alleged excess of tax paid. This appeal follows.

The claim to a depletion allowance is based on the contention that Blankenship reserved "an economic interest" in the minerals in place, evidenced by his right to a part of the net profits of their production, and that the $50,000 was an advance payment

out of that interest, citing Palmer v. Bender, 287 U.S. 551, 53 S.Ct. 225, 77 L.Ed. 489, and Herring v. Commissioner, 293 U.S. 322, 55 S.Ct. 179, 79 L.Ed. 389. We do not think so. Blankenship sold his lease and all right to the oil or other minerals that the lease covered. The $50,000 was received by him as a part of the purchase price, the remainder being the personal contract of the purchaser to pay him semiannually further money to be ascertained as the contract provides. He retained no ownership either of the minerals in the ground or of their proceeds as such. They belonged to the assignee. Their value or proceeds are to serve only to aid in measuring what the assignee may owe if such minerals are produced or sold. Reserving no interest in the minerals in the ground, Blankenship is entitled to no depletion deduction for their anticipated extraction. The depletion deduction will belong to the assignee when depletion occurs. Blankenship stands as a vendor, not a producer of minerals. Helvering, Commissioner v. O'Donnell, 58 S.Ct. 619, 82 L.Ed. ——; Helvering, Commissioner v. Elbe Oil Land Development Co., 58 S.Ct. 621, 82 L.Ed. ——. See, also, Commissioner v. Fleming, 5 Cir., 82 F.2d 324.

Judgment affirmed.