**THOMAS, Collector of Internal Revenue, v. PECKHAM OIL CO.**

No. 9594.

Circuit Court of Appeals, Fifth Circuit.

Nov. 25, 1940.

Clyde O. Eastus, U. S. Atty., of Fort Worth, Tex., Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Lester L. Gibson, Sp. Assts. to Atty. Gen., for appellant.

Harry C. Weeks, of Fort Worth, Tex., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Peckham Oil Company filed this suit to recover income and excess profits tax paid under a deficiency assessment for the calendar year 1936. The case was tried before the Court without a jury and judgment was entered for the taxpayer. The Collector of Internal Revenue has appealed.

Peckham Oil Company owned interests in four producing oil leases in Gregg and Upshur Counties, Texas. The properties were known as the Wells, Webb, Free, and Hamilton leases. In addition to the leasehold interests the company owned a miscellaneous assortment of personal property consisting of machinery, appliances, and equipment used in the operation of such oil properties.

Pursuant to a contract entered into on December 28, 1935, Peckham Oil Company on January 30, 1936, executed an instrument of assignment and conveyance of the four leases and the equipment to W. L. Pickens and Boston Realty Company. The .

instrument provided for a conveyance of "All the personal property, machinery and equipment situated upon the above described leases and used in connection with the operation thereof (not including, however, any casing, tubing, line pipe, rods, or supplies, which may be stored on said property by the Seller, but not used in connection with the operation thereof)." The purchasers paid a cash consideration of $105,138.12 to the Seller. As to the Wells, Webb, and Free leases it was provided that Peckham Oil Company reserved specified fractional overriding royalties which were "to continue until Seller has received from the combined proceeds of said proportionate parts of the oil, gas and casing head gas from said properties so run to its credit the sum of $222,361.88; whereupon said overriding royalties are to cease and terminate; and said interests so reserved by Seller are to vest in Buyers." As to the Hamilton lease no oil payment was reserved by the Seller.

In determining the taxpayer's taxable net income for 1936 the Commissioner allocated the net cost of the leaseholds and the net cost of the equipment between the interest sold and the interest retained as a reserved oil payment. At the trial it was admitted that the Commissioner erred in allocating any portion of the cost of the Hamilton leasehold or the equipment thereon, and that because of this error there was an acknowledged overassessment of $4,768.89 due and payable to the plaintiff.

The question presented by this appeal is whether in computing taxable gain on the sale of the leases and equipment the taxpayer was entitled to deduct the equipment costs from the consideration received, or whether the equipment costs should be allocated between the cash consideration and the value of the reserved oil payment?

The appellant contends that while the agreement between Peckham Oil Company and its assignees purported to convey all the personal property it did not do so, and that the Seller still had a vital interest in the equipment. He says that Peckham Oil Company should be regarded as having retained an interest in all the property, including the equipment, to the extent of the amount to be received out of proceeds from the sale of oil. The cited cases, Thomas v. Perkins, 301 U.S. 655, 57 S.Ct. 911, 81 L.Ed. 1324; Palmer v. Bender, 287 U.S. 551, 53 S.Ct. 225, 77 L.Ed. 489, and Commissioner v. Fleming, 5 Cir., 82

F.2d 324, do not decide the question involved in this case. We agree with the Court below that the contract and instrument of conveyance shows an outright sale of the personal property to the buyers. The purchasers of the equipment received absolute title to the personal property and could sell it, exchange it, or give it away. The Commissioner obviously recognized this fact when he allowed depreciation to the purchasers on all the equipment. Cf. Weiss v. Wiener, 279 U.S. 333, 49 S.Ct. 337, 73 L.Ed. 720.

The Court properly held that the cost of the equipment was deductible without allocation. Sec. 111 et seq., Revenue Act of 1936, 49 Stat. 1648, 26 U.S.C.A. Int.Rev. Acts, page 854 et seq.

The judgment is affirmed.