## COLUMBIA OIL & GAS CO. v. COMMISSIONER OF INTERNAL REVENUE.

## COMMISSIONER OF INTERNAL REVENUE v. COLUMBIA OIL & GAS CO.

### No. 9606.

Circuit Court of Appeals, Fifth Circuit.

March 21, 1941.

J. P. Jackson, of Dallas, Tex., for petitioner Columbia Oil & Gas Co.

Miss Helen R. Carloss, Sewall Key, and Joseph M. Jones, Sp. Assts. to the Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Charles E. Lowery, Sp. Atty., Bureau of Internal Revenue, all of Washington, D. C., for Commissioner of Internal Revenue.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

On December 2, 1933, Columbia Oil & Gas Company by written contract sold eight producing oil and gas leases, and all equipment thereon, to Stanolind Oil & Gas Company. The sale was for the cash sum of $550,000 with a reservation "out of each lease of a certain fractional interest in oil and gas if, as, and when produced, until the aggregate sum of $350,000.00 had been returned." On the day of the sale Colum-

bia's interest in the leases, together with all the tangible well equipment, was $725,-000. The cost "basis of the properties * * * (less proper allowances for depreciation and depletion) was leasehold costs $133,307.78, and tangible well equipment costs $246,590.00."

In its 1933 return the taxpayer reported a profit of $152,282.42 on the sale. The commissioner determined a profit of $350,-507.21 on the sale and accordingly assessed deficiencies in income and excess profits taxes for the year in the respective amounts of $27,187.16 and $9,886.24. On petition for. redetermination of the deficiencies the Board of Tax Appeals found that the taxpayer had realized a taxable gain on the sale in the sum of $200,314.21. The Board arrived at this figure by (1) allowing the taxpayer full recovery of the depreciated cost of the tangible well equipment, (2) deducting the expenses of the sale, and (3) allocating the cost of the leases between the interest sold and the interest retained by the taxpayer. The Board determined that there was a deficiency in income tax in the amount of $6,535.62, and a deficiency in excess profits tax in the amount of $2,376.59, for the year 1933. Columbia Oil & Gas Co. v. Commissioner, 41 B.T.A. 38. Both the taxpayer and the commissioner have filed petitions for review.

The taxpayer first contends that in addition to the recovery of its equipment costs against the cash payment it should have been allowed recovery of a full return of the leasehold cost. We do not agree with this contention. The taxpayer's stipulated leasehold cost was $133,307.78. The Board found that at the time of the sale to Stanolind Oil & Gas Company the leases, without the equipment, had a value of $478,410. It arrived at this valuation by subtracting the depreciated cost of the tangible well equipment, $246,590, from $725,000, the stipulated value of the leases and equipment. The Board further found that the value of the oil interest sold to Stanolind was $303,410, this being the amount of the cash payment over and above the depreciated cost of the tangible well equipment. The reserved oil payment had a present value of $175,000, the difference between the value of the oil interest sold, $303,410, and the total leasehold interest, $478,410. By using these figures the Board allocated the cost of the leaseholds in proportion to the respective values of

the oil interest sold and the oil interests reserved by the taxpayer; that is, 303,-410/478,410 or 63.42 per cent of the leasehold cost to the interest sold, and 175,-000/478,410 or 36.58 per cent of the leasehold cost to the interest retained. The Board thus calculated the profit from the sale in accordance with the second alternative contention of the taxpayer as follows:

| | |
|---|---|
| Selling price | $550,000.00 |
| Cost: | |
| Leasehold: $\frac{303,410}{478,410}$ of $133,307.78 | $ 84,543.79 |
| Equipment | $246,590.00 |
| | $331,133.79 |
| Expenses of sale | $ 18,552.00 |
| Total deductions | $349,685.79 |
| Taxable gain | $200,314.21 |

By stipulation it was estimated that immediately prior to the sale the taxpayer, by virtue of its leases, owned 4,453,750 recoverable barrels of oil in the ground. The taxpayer was to receive its reserved oil payments, without deduction for operating cost, from the first oil produced from the leases, and it was estimated that 350,000 barrels would be required to return the taxpayer its reservation under the assignment. The taxpayer says that if the cost of the leaseholds must be allocated, the allocation to the reserved interest should be made in the proportion "which the number of barrels of oil in the ground required to liquidate the oil payments bears to the total oil reserves at the date of the sale." Allocation under this theory would be determined by the following ratio:

$$\frac{350,000 \text{ (barrels of oil reserved)}}{4,453,750 \text{ (total number of barrels in place)}} \text{ of } \$133,307.78 \text{ (leasehold cost.)}$$

On this basis only $10,476.05 of the cost of the leaseholds would be allocated to the reserved oil payments, and the balance of the cost would be charged against the oil interest sold. We agree with the Board that such basis of allocation applied to the facts of the present case would result in an inequitable apportionment of the leasehold cost with "too much of the cost being allocated to the part of the leases sold and too little to the portion reserved." 41 B.T.A. 38, 50. Cf. Ortiz Oil Company v. Commissioner, 37 B.T.A. 656, affirmed 5 Cir., 102 F.2d 508.

It is clear that Columbia retained a portion of its holdings and that the allocated cost of the retained portion may be recovered by depletion allowances. Palmer v. Bender, 287 U.S. 551, 53 S.Ct. 225, 77 L.Ed. 489; Thomas v. Perkins, 301 U.S. 655, 57 S.Ct. 911, 81 L.Ed. 1324. The method of allocation adopted by the Board was fair, and resulted in an equitable apportionment of the leasehold cost between the interest sold and the interest retained by the taxpayer.

The Board found that Columbia Oil & Gas Company parted with all title to the tangible well equipment on its leases, that it did not reserve any part of this property, and that it was, therefore, entitled to recover the full adjusted cost of the equipment from the cash payment of $550,000. In the petition of the commissioner it is contended that the entire property cost, including the cost of equipment, should have been allocated, and that the Board erred in holding that the taxpayer was entitled to a full return of the cost of the tangible well equipment. In Thomas v. Peckham Oil Company, 5 Cir., 115 F.2d 685, 686, it was held that where there was an outright sale of the personal property to the buyers "the cost of the equipment was deductible without allocation." This holding is applicable to the case at bar.

The several issues presented by the petitions for review were decided correctly by the Board, and its decision is affirmed.