## COMMISSIONER OF INTERNAL REVENUE v. ROESER & PENDLETON, Inc.

## ROESER & PENDLETON, Inc., v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9684.

Circuit Court of Appeals, Fifth Circuit.

March 21, 1941.

Helen R. Carloss, Sewall Key, and Joseph M. Jones, Sp. Assts. to the Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Charles E. Lowery, Sp. Atty., Bureau of Internal Revenue, all of Washington, D. C., for Commissioner of Internal Revenue.

George Thompson, Jr., of Fort Worth, Tex., for Roeser & Pendleton, Inc.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

On May 13, 1936, Roeser & Pendleton, Inc., by written contract agreed to sell to R. G. Trippett and A. H. Meadows its undivided interest in eleven oil and gas leases, and all equipment and other personal property situated thereon. The seller was to receive $400,000 in cash with a reservation out of each lease of a fractional interest in the oil, gas, and minerals until a total of $1,200,000 had been returned from oil and gas produced. The contract of sale, among other things, provided:

"(d) That, with reference to the reserved interest of Roeser & Pendleton, in each of the eleven leases, above mentioned, said reserved interests should continue not only until Roeser & Pendleton realized the respective amounts of money, stated in the contract, from the reserved interest, with respect to each group of leases, but as well, until Roeser & Pendleton received from all of said leases, a total of $1,200,000.00.

"(e) That the reserved interest of Roeser & Pendleton in said eleven leases, should not be liable or responsible for any operation, development or other expenses, except gross production and pipe line taxes, as to which it was agreed that the amount of same should not be charged to Roeser & Pendleton, as having been received by it on account of its reserved interest."

The sale contract was assigned to J. K. Wadley, who, in turn, assigned it to Atlantic Oil Producing Company. On May 29, 1936, Roeser & Pendleton, Inc., assigned its interest in the leases and personal property and equipment to Atlantic Oil Producing Company. The transaction was

carried out in full accordance with the terms of the sale agreement. Roeser & Pendleton received $400,000 in cash, and in the period from May 30, 1936, through December 31, 1936, it received the gross amount of $69,301.30 from its "reserved interest". At the time of the sale to Atlantic the undepreciated and undepleted cost of the taxpayer's interest in the properties, real and personal, was $205,415.68. Of this sum $187,418.23 represented the unrecovered cost of depreciable personal property "such as derricks, casing, tubing, storage tanks, pumps, machinery, etc.;" and $17,997.45 represented the undepleted cost of the taxpayer's interest in the leases.

The commissioner determined deficiencies in income and excess profits taxes for the year 1936 in the respective amounts of $26,686.24 and $3,285.25. The taxpayer filed its petition with the Board of Tax Appeals contesting the amount of the deficiencies and contending that it had made an overpayment of $34,804.60 in income taxes for the year in question. The Board heard the issues presented by the taxpayer and the commissioner, and held that in computing Roeser & Pendleton's 1936 tax it should be allowed full recovery from the cash payment of the cost of the personal property and equipment sold; that it should not recover the 27½ percent statutory depletion allowance on the remaining $212,581.77 of the cash received; and that the leasehold cost, $17,997.45, should be apportioned and allocated between the interest sold and the interest retained. Both the commissioner and the taxpayer filed petitions for review in this court.

■ The contention of the commissioner that the Board erred in allowing, without allocation, full recovery of the cost of the equipment sold by the taxpayer is without merit. The Board properly allowed recovery of the equipment and personal property costs. Thomas v. Peckham Oil Company, 5 Cir., 115 F.2d 685; Columbia Oil & Gas Company v. Commissioner, 5 Cir., 118 F.2d 459.

■ The taxpayer contends that it should have been allowed statutory deple-

tion of 27½ percent on the $212,581.77 of the cash payment received by it from the sale of its interest in the oil and gas leases. This contention is also without merit. The Board properly disallowed percentage depletion with respect to the cash payment received by the taxpayer. Commissioner v. Fleming, 5 Cir., 82 F.2d 324; Laird v. Commissioner, 5 Cir., 97 F.2d 730; Blankenship v. United States, 5 Cir., 95 F.2d 507; Cf. Anderson v. Helvering, 310 U.S. 404, 60 S.Ct. 952, 84 L.Ed. 1277.

■ In its memorandum opinion entered January 29, 1940, the Board held that the cost of the leaseholds, $17,997.45, should be apportioned "between the interest sold and the interest retained" in conformity with its opinion in the Columbia Oil & Gas Company v. Commissioner case, 41 B.T.A. 38, which was decided January 10, 1940, and affirmed by this court, 118 F.2d 459. The Board, however, made no finding as to the value of the $1,200,000 reserved oil payment, and in a memorandum entered on May 7, 1940, it was stated, "In fact we made no finding at all on that subject. It may well be that the $1,200,000.00 oil payment was worth less than face value." In the absence of a determination of the value of the $1,200,000 reserved oil payment, the formula adopted in the Columbia Oil & Gas Company case could not be properly applied. In the case at bar the reserved oil payment was set up in the formula as having its full face value of $1,200,000. This was error. The stipulation of facts in this case was filed long before decision of the Columbia case, and it would be inequitable and unjust to apply the formula of that case to the case at bar without giving the taxpayer an opportunity to present evidence as to the value of the reserved oil payment.

We remand the case to the Board with direction to hear evidence as to the value of the reserved oil payment and to make a finding of its value so that the formula approved in the Columbia Oil & Gas Company case may be properly applied in allocating this taxpayer's leasehold cost. The other issues presented by the petitions for review were decided correctly by the Board and its decision as to them is affirmed.