CULLEN v. COMMISSIONER OF INTERNAL REVENUE (two cases).
Nos. 9759, 9760.

Circuit Court of Appeals, Fifth Circuit.
April 1, 1941.

Palmer Hutcheson, of Houston, Tex., for petitioner in each case.

Ellis N. Slack, Sewall Key, and Edward H. Hammond, Sp.Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue and Charles E. Lowery, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent in each case.

Before FOSTER, SIBLEY, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

The facts and issues presented by the petitions for review are identical and involve income tax liabilities of a husband and wife with relation to community income received by them in the year 1932. By stipulation of the parties and order of the Court the cases have been consolidated for all purposes on appeal.

The petitioners, H. R. Cullen and Lillie Cranz (Mrs. H. R.) Cullen, owned an undivided one-fourth interest in certain mineral leases on lands in Fort Bend County, Texas. West Production Company owned an undivided one-fourth interest and Gulf Production Company owned an undivided one-half interest in the leases. On March 10, 1932, there were ten oil wells on the lands.

Under date of March 23, 1932, H. R. Cullen, acting for himself and his wife, and West Production Company executed and delivered to Humble Oil & Refining Company two instruments affecting their interests in the leases. By these instruments the Cullens and West assigned their combined and undivided one-half interest in the leases to Humble for a cash payment of $3,000,000 "one-half of which has been paid to H. R. Cullen and the remaining one-half to West Production Company, and the remaining consideration of Seventeen Million ($17,000,000.00) Dollars the Assignee agrees to pay monthly to the said H. R. Cullen and West Production Company, the Assignors, in equal portions from production, after deducting royalties, and outstanding overriding royalties and the overriding royalties hereinafter provided for * * *." In addition to the $17,000,000 oil payment, the petitioners reserved overriding royalties in all but three of the leases.

In asserting deficiencies in income taxes for the year 1932 the Commissioner regarded the assignment of those leases in whch an overriding royalty was retained "as a sublease, the cash received therefor being a bonus against which depletion is allowable on percentage basis." The Commissioner regarded the assignment of the three leases in which no overriding royalty interest was retained as "a sale of part of the lease for cash and the retention of an oil payment".

Before the Board of Tax Appeals the taxpayers contended, as they do here, that there had been a bona fide sale of an interest in all the leases, and that within the meaning of Section 102(a), Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Acts, page 506, they were entitled to have the surtax attributable to a sale of the properties, or any interest therein, limited to 16 per cent of the selling price.

The Board disagreed with both the Commissioner and the taxpayers. It disagreed with the Commissioner's contention that there had been a sale of those leases in which no overriding royalty interest had been retained. It held that the properties were grouped and sold as a unit, that the assignment was indivisible, and that the "transaction was not a sale within the provisions of Section 102, Revenue Act of 1932, which entitled petitioners to the limitation provisions of said section, but was in the nature of a leasing transaction, and petitioners are entitled to depletion deductions on all payments received as a result of the transfer." Having ruled that the transaction was indivisible, the Board held that the full cash payment, less an adjustment for the depreciated cost of movable equipment sold, was subject to percentage depletion. Over objection of the taxpayers the Commissioner was permitted to amend his pleadings to conform with the theory upon which the issues were decided by the Board, and a recomputation of the petitioners' tax liability was filed. A full statement of the facts of the case will be found in the Board's opinion in Cullen v. Commissioner, 41 B.T.A. 1054; also see West Production Company v. Commissioner, 41 B.T.A. 1043.

■ We do not agree with the Board's holding that the transfer was not divisible. The facts support the Commissioner's determination that the transfer should be broken down into two separate types of transactions. Within the purview of Palmer v. Bender, 287 U.S. 551, 53 S.Ct. 225, 77 L.Ed. 489, percentage depletion was allowable on all payments received as a result of the transfer of those leases in which the taxpayers retained overriding royalty interests. As to· the three leases in which no overriding royalty interests were retained percentage depletion should not have been allowed upon the portion of the cash payment attributable to their sale. Commissioner v. Fleming, 5 Cir., 82 F.2d 324; Laird v. Commissioner, 5 Cir., 97 F.2d 730.

■ Having held that the transaction must be considered as a unit the Board made no determination as to the proper method of allocation of the cash payment between the three leases sold and the nine leases which were not sold. The decision of the Board is, therefore, reversed in each case and the causes are remanded for such further proceedings as may be necessary to determine the proper method of allocation of the cash payment. There will be no allocation of the cost of equipment sold absolutely by the petitioners. Thomas v. Peckham Oil Company, 5 Cir., 115 F.2d 685. The cost of equipment located upon the nine leases which were not sold may be recovered by percentage depletion allowances. Cf. Palmer v. Bender, supra; Thomas v. Perkins, 301 U.S. 655, 57 S.Ct. 911, 81 L.Ed. 1324.

Reversed and remanded.