## COMMISSIONER OF INTERNAL REVENUE v. LEWIS.

### No. 2598.

Circuit Court of Appeals, Tenth Circuit.

Dec. 28, 1942.

S. Dee Hanson, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Joseph M. Jones, Sp. Assts. to Atty. Gen., on the brief), for petitioner.

Joseph A. Hoskins, of Kansas City, Mo. (Phil D. Morelock, of Kansas City, Mo., and Vincent A. Smith, of Wichita, Kan., on the brief), for respondent.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

This is a petition to review an order of the Board of Tax Appeals. The partnership of Cromwell and Lewis purchased non-producing oil and gas leases covering lands in Kansas for a consideration of $120. In 1937, the partners and Atlantic Refining Company entered into a contract which provided that the former sold, conveyed, assigned, transferred, and set over to the latter the leases and the equipment on the premises for $150,000 in cash, and $125,000 payable out of oil produced from the premises; that the vendors reserved unto themselves one-fourth of seven-eighths of the oil produced, or the proceeds derived from

the sale of such proportion, until the $125,-000 was paid in full; and that if at any time before such deferred sum was paid in full, but not afterwards, the vendee should abandon operations on the premises or any part thereof, the vendors should have the option for a period of thirty days after written notification of the intended abandonment to purchase the equipment or any part thereof at its then salvage value.

In its tax return for 1937, the partnership computed its net capital gain upon the sale by deducting from the cash consideration $120, representing the original cost of the leases, and $34,026.22, representing the remaining undepreciated basis of the equipment. The Commissioner of Internal Revenue determined that the oil payments had a value of $62,500, and by the use of such value allocated the leasehold cost and the equipment basis between the cash consideration paid and the retained interest. The result was to increase the capital gain, and a deficiency in tax of respondent followed. On redetermination, the Board ruled that no part of the remaining basis of the equipment should be allocated to the retained interest, and reduced the deficiency to a nominal sum. The Commissioner sought review.

It is the contention of the Commissioner that the vendors did not sell the oil reserves and the equipment separately; that they sold oil producing property, as such; that the equipment was necessarily and essentially a part thereof, as without equipment there could not be producing oil property; and that therefore in computing the taxable gain derived, the cost of the leasehold estate including the equipment should be allocated between the part sold and the part retained in proportion to the respective values of the two. Ordinarily, a producing oil property consists of the oil reserves and the equipment; and where such a leasehold estate is sold and conveyed as a unit for an agreed consideration, part in cash and part in oil payment, the cost of the leasehold including the equipment should be allocated between the part sold and the part reserved in proportion to their respective values. But in making the sale of such a leasehold estate, contracting parties are not forbidden by law or public policy to treat the oil reserves and the equipment separately. A vendor may convey an interest in the former, reserve an interest to be paid out of production, and convey the latter with no reservation. That was done here. By the plain terms of the contract, the vendors sold an interest in the oil reserves, reserved an interest to be paid out of production, and sold the equipment outright. They did not retain title, lien, or any kindred economic interest in the equipment. They reserved in it only an option to purchase at its salvage value in the event the vendee should elect to discontinue operations before full payment of the deferred amount out of production. Other than such option, they did not reserve or retain any right whatever in the equipment. The contract is clear and not open to any other construction. Therefore in computing the net gain derived by the vendors from the sale, the remaining undepreciated basis of the equipment was deductible in whole from the cash payment. No part of it was allocable to the retained interest. Thomas v. Peckham Oil Co., 5 Cir., 115 F.2d 685; Columbia Oil & Gas Co. v. Commissioner of Internal Rev., 5 Cir., 118 F.2d 459.

The order of the Board is affirmed.