## CHOATE v. COMMISSIONER OF INTERNAL REVENUE.

## COMMISSIONER OF INTERNAL REVENUE v. CHOATE.

### Nos. 2789, 2790.

Circuit Court of Appeals, Tenth Circuit.

March 13, 1944.

Rehearing Denied April 8, 1944.

James H. Yeatman, of Houston, Tex., for petitioner and cross-respondent Choate.

Helen Goodner, of Washington, D. C. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and A. F. Prescott, Sp. Assts. to the Atty. Gen., on the brief), for respondent and cross-petitioner Commissioner of Internal Revenue.

Before PHILLIPS and BRATTON, Circuit Judges, and KENNEDY, District Judge.

KENNEDY, District Judge.

This is a tax case in which the taxpayer and the Commissioner of Internal Revenue have petitioned for review of an order of the Tax Court of the United States entered on February 12, 1943.

Briefly stated the litigation arises out of the following circumstances: One Baker executed an oil and gas lease on land owned by her in fee to one Tunstill, which lease provided for a cash consideration with an over-riding royalty. Subsequently, and by mien conveyances, the lease came into the ownership of a co-partnership known as Choate and Hogan. In 1938, under a contract with the McAlester Fuel Company, a sale was arranged for, which was subsequently carried out by mutual agreement of the parties through an assignment to the Sylvia Oil Company. These instruments provided that Choate and Hogan should convey all their right, title and interest, amounting to 11/16ths of the lease, together with all wells and equipment including pumps, casing, pipe, tanks, leasehouse and other personal property on or used in connection with the premises, including oil in storage, for a consideration of $110,000, save and except that Choate and Hogan reserved to themselves 1/8th of 8/8ths of all oil and gas and casing-head gas which should be produced and saved by the purchasing company above a certain depth specifying particularly that said reserve over-riding royalty should be 1/16th of 8/8ths in favor of Choate and 1/16th of 8/8ths in favor of Hogan. The interest of Choate is the only one at issue in this case and arises under a deficiency assessment for taxation by the Commissioner of Internal Revenue after Choate had made his return for tax purposes in 1938. In making such return the taxpayer computed the tax upon the basis of a sale by allocating the sale price of $110,000 as $98,454.70 to the leasehold and $11,545.30 to equipment. The amount allocated to the leasehold was considered on the basis of a long-term capital gain and the amount allocated to equipment was accounted for through depreciation and the tax computed on the remaining difference. The Commissioner computed the tax upon the entire amount of cash consideration upon a depletion basis. Upon appeal the Tax Court sustained the Commissioner as to the computation by the depletion method upon the amount allocated to the leasehold but allowed the taxpayer a computation of the amount allocated to equipment by depreciation. Upon the first part of the decision of the Tax Court the taxpayer seeks review and the Commissioner upon the second.

■ We are of the opinion that the original conclusions of the Commissioner were correct. Burnet v. Harmel, 287 U.S. 103, 53 S.Ct. 74, 77 L.Ed. 199; Palmer v. Bender, 287 U.S. 551, 53 S.Ct. 225, 77 L.Ed. 489; McLean v. Commissioner, 5 Cir., 120 F.2d 942; Commissioner v. I. A. O'Shaughnessy, 10 Cir., 124 F.2d 33. These cases hold that the interests of the taxpayer in this situation for taxation purposes are determined by depletion. In the Palmer case it is said [287 U.S. 551, 53 S.Ct. 227, 77 L.Ed. 489]:

" * * * Similarly, the lessor's right to a depletion allowance does not depend upon his retention of ownership or any other particular form of legal interest in the mineral content of the land. It is enough if by virtue of the leasing transaction, he has retained a right to share in the oil produced. If so, he has an economic interest in the oil, in place, which is depleted by production. * * * When the two lessees transferred their operating rights to the two oil companies, whether they became technical sublessors or not, they retained, by their stipulations for royalties, an economic interest in the oil, in place, identical with that of a lessor."

While there may be criticism of the manner in which purported contracts of purchase and sale of leaseholds are characterized by use of the term "sublease", yet it remains clear in principle that where the seller or the lessor retains an interest in the oil in place, his rights therein are of the same character as those of the purchaser or lessee and subject to depletion.

■ As to the second point covered by the cross-petition for review by the Commissioner, as intimated, we hold that the computation as to equipment covered by the transaction was likewise subject to the depletion method instead of by the allowance of depreciation as determined by the Tax Court. Cullen v. Commissioner, 5 Cir., 118 F.2d 651. In cases where the leasehold is not specifically sold separate and distinct from the equipment thereon and the consideration for each specifically segregated the transaction must be considered in its entirety and the cost made recoverable through depletion. In the case at bar no such distinction and separation was made as the cash to be paid covered the leasehold and the equipment as a unit. In a case in our own Court, in Commissioner v. Lewis, 10 Cir., 132 F.2d 709, 710, it was held upon the facts there presented that the oil reserves and the equipment were sold separately and such had been the finding of the Commissioner. In discussing that phase of the case the opinion says:

"Ordinarily, a producing oil property consists of the oil reserves and the equipment; and where such a leasehold estate is sold and conveyed as a unit for an agreed consideration, part in cash and part in oil payment, the cost of the leasehold including the equipment should be allocated between the part sold and the part reserved in proportion to their respective values. But in making the sale of such a leasehold estate, contracting parties are not forbidden by law or public policy to treat the oil reserves and the equipment separately. A vendor may convey an interest in the former, reserve an interest to be paid out of production, and convey the latter with no reservation. That was done here. By the plain terms of the contract, the vendors sold an interest in the oil reserves, reserved an interest to be paid out of production, and sold the equipment outright. They did not retain title, lien, or any kindred economic interest in the equipment. They reserved in it only an option to purchase at its salvage value in the event the vendee should elect to discontinue operations before full payment of the deferred amount out of production. Other than such option, they did not reserve or retain any right whatever in the equipment. The contract is clear and not open to any other construction. Therefore in computing the net gain derived by the vendors from the sale, the remaining undepreciated basis of the equipment was deductible in whole from the cash payment. No part of it was allocable to the retained interest."

In the case at bar the instruments clearly on their face reflect that the transaction was one in entirety covering both the oil reserves and the equipment and that consequently the depletion method must be applied to the entire consideration. If the rule were otherwise, it would permit the taxpayer to postpone his determination in segregation of items covered by the cash consideration until he might ascertain the course most advantageous to his pecuniary gain.

The order of the Tax Court is affirmed in No. 2789 and reversed in No. 2790. The proceeding will be remanded to the Tax Court for further action in conformity with the views herein expressed.

PHILLIPS, Circuit Judge (dissenting in part).

It is my opinion that there was a sale of the equipment and that W. G. Choate and his co-owners retained no interest therein. If this be true, then W. G. Choate was entitled to deduct the depreciated cost of the equipment if it was sold for an amount in excess thereof, or one hundred per cent of the loss if it was sold for an amount less than the depreciated cost. While it is not expressly stated, I conclude from paragraphs 7 and 9 of the agreed statement of facts that the equipment was held for less than eighteen months. Accordingly, it becomes unnecessary to allocate the sale price as between lease and equipment. The mathematical result is the same, whether you deduct the depreciated cost of the equipment from the entire sale price or allocate a portion of the sale price to equipment, deduct the depreciated cost, and determine the gain or loss accordingly. I am unable to see how, under the provisions for depletion of oil and gas wells, a taxpayer can ever recover either his depreciated cost or his capital loss resulting from the sale of equipment. Oil and gas depletion is based not on cost but on a per centum of gross income. See 26 U.S.C.A. Int.Rev.Code, §§ 23(m) and 114(b) (3). It would in no wise be increased by reason of depreciation of the equipment. Accordingly, I am of the opinion that the decision of the Tax Court should be affirmed in its entirety. This view is supported by Hogan v. Commissioner, 5 Cir., 141 F.2d 92.

John Preston Phillips, of New York City (Lawrence F. Sherman, of New York City, of counsel), for appellant.

Maurice Abrams, of New York City (Max Rockmore, of New York City, of counsel), for trustee-appellee.

Frederick E. M. Ballon, of New York City, for Wek Sales Company, appellee.

Before SWAN, CHASE, and CLARK, Circuit Judges.