## COMMISSIONER OF INTERNAL REVENUE
### v.
### WAYNE COAL MINING CO.

## COMMISSIONER OF INTERNAL REVENUE
### v.
### HILLMAN COAL & COKE CO.

### Nos. 11195, 11196.

United States Court of Appeals,
Third Circuit.

Argued Jan. 5, 1954.

Decided Jan. 12, 1954.

Joseph F. Goetten, Washington, D. C. (H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Lee A. Jackson, Sp. Assts. to Atty. Gen., on the brief), for appellant.

Lee W. Eckels, Pittsburgh, Pa. (Thorp, Reed & Armstrong, Pittsburgh, Pa., on the brief), for respondents.

Before GOODRICH, STALEY and HASTIE, Circuit Judges.

PER CURIAM.

We are asked to decide whether expenses incurred by a corporation in distributing its assets on liquidation are deductible under section 23(a) (1) (A) of the Internal Revenue Code, 26 U.S.C.A. § 23(a) (1) (A), as ordinary and necessary expenses of carrying on a trade or business. The Tax Court in a carefully considered opinion, allowed the deduction. The Commissioner has filed this petition for review.

A series of cases sustains the Tax Court's conclusion. United States v. Arcade Co., 6 Cir., 1953, 203 F.2d 230; Braicks v. Henricksen, D.C.W.D.Wash. 1942, 43 F.Supp. 254, affirmed on other grounds, 9 Cir., 1943, 137 F.2d 632; Pacific Coast Biscuit Co. v. Commissioner, 1935, 32 B.T.A. 39; Laster v. Commissioner, 1940, 43 B.T.A. 159, affirmed in part and reversed in part on other grounds, 5 Cir., 1942, 128 F.2d 4; Meurer Steel Barrel Co. v. Commissioner, 1 CCH TC Mem.Dec. 721 (1943), affirmed on other grounds, 3 Cir., 1944, 144 F.2d 282, certiorari denied, 324 U.S. 860, 65 S.Ct. 864, 89 L.Ed. 1417, rehearing denied, 1945, 325 U.S. 892, 65 S.Ct. 1182, 89 L.Ed. 2004; Rite-Way Products, Inc. v. Commissioner, 1949, 12 T.C. 475. The only authority pointing to a contrary result is Motion Picture Capital Corp. v. Commissioner, 2 Cir., 1936, 80 F.2d 872. Whether or not that case is distinguishable from the present situation, we see no reason to disturb the rule enunciated in the line of decisions above cited.

The judgment of the Tax Court will be affirmed.