BRYANT HEATER COMPANY and
Dresser Industries, Inc.,
Petitioners,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent.

No. 12592.

United States Court of Appeals
Sixth Circuit.

April 14, 1956.

Charles F. Taplin, Jr., and Alton W. Whitehouse, Jr., Cleveland, Ohio, McAfee, Grossman, Taplin, Hanning, Newcomer & Hazlett, Cleveland, Ohio, on brief, for petitioners.

Grant W. Wiprud, Washington, D. C., H. Brian Holland, Ellis N. Slack and David O. Walter, Washington, D. C., on brief, for respondent.

Before ALLEN, McALLISTER and STEWART, Circuit Judges.

STEWART, Circuit Judge.

Two separate questions are presented on this petition for review.

Petitioner Bryant Heater Company (hereinafter called "Bryant") was a wholly owned subsidiary of petitioner Dresser Industries, Inc. (hereinafter called "Dresser"). In 1949 Bryant sold all its assets in an arms-length transaction to a third party for a total consideration of $6,100,000. The agreement of sale did not recite any allocation of the sales price among the various classes of assets sold. Bryant concededly realized a total profit upon the sale in an amount of more than $250,000. It has been stipulated that all the assets sold other than capital assets and inventories were sold at a price equal to their tax basis. Therefore the gain realized on the sale was necessarily attributable to the inventories, to the capital assets or to both. The parties agree that to the extent the gain resulted from the sale of capital assets it was a long-term capital gain; to the extent it resulted from the sale of inventories it was ordinary income. Moreover, there remains no issue between the parties as to the proper basis of either of these groups of assets.

In its final return Bryant attributed the entire gain to the capital assets. The respondent Commissioner asserted a deficiency, based upon his determination that, as between inventories and capital assets, the gain attributable to each should bear the same ratio to the total gain as the book value of each bore to the total book value of the two groups of assets. The result of the application of this formula was to allocate approximately 73% of the entire gain to the inventories and approximately 27% of the gain to the capital assets. The Tax Court approved this allocation of gain between ordinary income attributable to inventory and long-term capital gain attributable to capital assets, and upheld the resulting tax deficiencies, although no evidence was offered to show that the Commissioner's computations reflected fair market value.

■■ The petitioners offered testimony by representatives of both the buyer and the seller showing that at the time of the sale it was understood by each of them that the inventories were being sold at approximately their book value and that a substantial premium over book value was being paid for the capital assets. The effect of this evidence in our opinion was to overcome the presumption of correctness attaching to the Commissioner's determination by demonstrating the arbitrary nature of the formula upon which it was based, invitingly convenient though that formula undoubtedly was. See Helvering v. Taylor,

1935, 293 U.S. 507, 55 S.Ct. 287, 79 L.Ed. 623. Cf. Thomas v. Commissioner, 6 Cir., 1955, 223 F.2d 83. While demonstrating that the determined deficiency was arbitrary and excessive, the petitioner's evidence was not sufficiently exact to establish their contention that no part of the gain was properly attributable to the sale of the inventories. It follows that the case should be remanded to the Tax Court for a redetermination of the amount of gain attributable to each group of assets, based upon evidence as to the fair market value of each at the time of the sale. Columbia Oil and Gas Co. v. Commissioner, 5 Cir., 1941, 118 F.2d 459. IT 3246 (1939–1 Cum.Bull., p. 137).

▪ After the 1949 sale had been consummated, Bryant's assets consisted fully of cash. In February of 1949 all of this cash was transferred to Dresser in exchange for all of Bryant's issued and outstanding capital stock. Thereafter a certificate of voluntary dissolution was filed with the Secretary of State of Ohio in accordance with the Ohio statutes. Bryant deducted as a loss in 1949 the amount of its organizational expenses. The Commissioner disallowed this deduction and the Tax Court upheld the Commissioner's action for the reason that the liquidation qualified as a tax-free transaction under § 112(b) (6) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 112(b) (6).

We think the Tax Court's decision with regard to the organizational expenses was erroneous. The Commissioner concedes that, except for the incidence of § 112(b) (6), Bryant would be entitled to deduct its organizational expenses in the year of its dissolution as an uninsured loss under § 23(f) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 23(f). See Shellabarger Grain Products Co. v. Commissioner, 7 Cir., 1944, 146 F.2d 177, 185; Malta Temple Ass'n v. C. of I. R., 1929, 16 BTA 409. We fail to see why the provisions of § 112 (b) (6) should change this result. That section provided that: "No gain or loss shall be recognized upon the receipt by a corporation of property distributed in complete liquidation of another corporation." It should be emphasized that this was not a merger or a consolidation, but a complete dissolution and liquidation. When it dissolved, Bryant lost its privilege of doing business as a corporation, a loss measured for tax purposes by the amount of its organizational expenses. This privilege, by its very nature, was not and could not be "property distributed in complete liquidation" to Dresser. Section 112(b) (6) therefore does not affect the recognition of this loss as a proper deduction by Bryant.

As stated in petitioner's brief, these two sections of the Code "do not conflict and they do not overlap." Both sections therefore must be given full effect in accordance with their terms. See Commissioner of Internal Revenue v. Wayne Coal Mining Co., Para. 53,102 P.H. Memo TC (1953), affirmed 3 Cir., 1954, 209 F.2d 152.

The case is remanded to the Tax Court for further proceedings in conformity with this opinion.