KOPPERS COMPANY, Inc., Successor on Merger to Koppers Company, Transferee of Koppers Building, Inc., Transferor

v.

**UNITED STATES.**

No. 478–58.

United States Court of Claims.
June 8, 1960.

---

David W. Richmond, Washington, D. C., John M. Bixler, Miller & Chevalier, Washington, D. C., E. S. Ruffin, Jr., and C. M. Crick, Pittsburgh, Pa., on the briefs, for plaintiff.

Eugene Emerson, Washington, D. C., with whom was Charles K. Rice, Asst. Atty. Gen., James P. Garland and Philip R. Miller, Washington, D. C., on the brief, for defendant.

LITTLETON, Judge (Retired).

Plaintiff, a Delaware corporation, sues, as a successor by operation of law, to recover income tax and interest in the amount of $6,409.85, together with interest thereon, allegedly overpaid for the year 1944.

The stipulated facts necessary to an understanding and determination of the question presented in the case follow.

During 1936, Koppers Building, Inc.[1] (hereinafter referred to as KBI), a Delaware corporation, purchased certain real estate in Pennsylvania including the building known as the Koppers Building. Under the law of Pennsylvania, then in effect, a corporation employing capital in that state was required to file a so-called bonus report and to pay to the state a bonus amounting to one-third of one percent of its capital so employed. Whenever a corporation increased its capital employed wholly within Pennsylvania, it was required to pay an additional bonus on such increase. Accordingly, in 1937 KBI reported the increase of capital employed in Pennsylvania mentioned above, and paid a bonus of $16,038.53 thereon. No deduction for Federal income tax purposes was claimed in either 1936 or 1937,[2] and no deduction was allowed with respect to this bonus payment in the final settlement of KBI's Federal income tax liability for those two years.

On September 30, 1944, KBI distributed all of its assets subject to its liabilities to Koppers Company, its sole stockholder, pursuant to a plan of complete liquidation under the provisions of Section 112(b) (6) of the Internal Revenue Code of 1939, and it was formally dissolved on October 26, 1944, and its stock cancelled.

After receiving the assets of KBI, Koppers Company, also a Delaware corporation, reported an increase in its capital employed within Pennsylvania, and paid a bonus of $15,022.88 thereon in 1945. In computing this bonus, no credit was allowed the Koppers Company by the State of Pennsylvania for any part of the bonus paid by KBI in 1937 with respect to the same property.

KBI had kept its books and filed its Federal income and excess profits tax

1. In 1936 the name of this corporation was actually American Tar Products Company, Inc. On March 10, 1938, its name was changed to Koppers Building, Inc. For the purpose of this opinion, the corporation will be referred to by the latter name, Koppers Building, Inc. (KBI).

2. KBI was probably dissuaded from claiming a deduction by the opinion of the Third Circuit Court of Appeals in United Gas Improvement Co. v. Commissioner, 1933, 64 F.2d 957, which held that the Pennsylvania bonus was not deductible as a tax. I.T. 3210, 1938-2 C.B. 141, held that the bonus payment was to be treated as a nondeductible capital expenditure.

returns for calendar years on the accrual basis. Its corporation income and declared value excess-profits tax return for the period January 1, 1944, to October 26, 1944, the date of its dissolution, was filed on January 15, 1945, and in that return it claimed the amount of the bonus paid in 1937, $16,038.53, as a deduction for "organization expense". Such deduction was disallowed in audit as one of several adjustments which increased net income shown on KBI's return from $81,397.60 to $93,294.37. This increase resulted from the disallowance of four different items (including an amount of $16,253.03 for organization expense) aggregating $20,294.98, and from the allowance of five different items aggregating $8,398.21. The net increase of $11,-896.77 resulted in a recommendation of a deficiency in tax of $4,758.71 which was accepted and approved by the Commissioner of Internal Revenue who timely assessed such amount and $1,651.14 as interest thereon; a total of $6,409.85. The plaintiff, as the successor on merger to Koppers Company which in turn was the transferee of KBI, paid the deficiency on November 10, 1950.

A timely claim for refund was filed in 1952. The ground for this claim, upon which no administrative action has been taken, was that—

"the rights acquired by Koppers Building, Inc., by virtue of the Pennsylvania bonus payment of $16,038.53, lost their useful value upon liquidation and dissolution of Koppers Building, Inc., in 1944 and such amount is, therefore, an allowable deduction in 1944."

The sole question presented is whether the bonus paid to Pennsylvania by KBI in 1937 for the privilege of employing its capital within that state is deductible as a loss in 1944, the year that corporation liquidated and was dissolved.

There have been several cases dealing with the problem here involved that support plaintiff's position. Malta Temple Ass'n v. Commissioner, 16 B.T.A. 408, 409, Acq. XIII–2 C.B. 12, held that corporate organization expenses constituted a capital expenditure deductible under the loss provisions of Section 234(a) (4) of the Revenue Act of 1924, 43 Stat. 253, 26 U.S.C.A.Int.Rev.Acts, page 40, upon the dissolution of the corporation and the abandonment of its corporate franchise. The language of that section is substantially the same as that of Section 23(f) of the Internal Revenue Code of 1939, the section plaintiff relies on, which is as follows:

"§ 23. Deductions from gross income.

"In computing net income there shall be allowed as deductions:

\* \* \* \* \* \*

"(f) Losses by corporations. In the case of a corporation, losses sustained during the taxable year and not compensated for by insurance or otherwise. \* \* \*" 26 U.S.C. § 23 (1952).

In Bryant Heater Company v. Commissioner, 231 F.2d 938, the Sixth Circuit Court of Appeals allowed, in the year in which the taxpayer was liquidated and dissolved, the deduction as a loss of the amount of organizational expenses incurred in securing a corporate charter.

On facts very similar to those of the instant case, it has been held that the Pennsylvania bonus was deductible as a loss in the year the corporation was liquidated and dissolved. Wayne Coal Mining Company v. Commissioner, 12 TCM 345 (1953).

The defendant seeks to distinguish the Bryant case, where there was also a Section 112(b) (6) [3] liquidation, on the

---

3. "§ 112. Recognition of gain or loss.

\* \* \* \* \* \* \*

"(b) Exchanges solely in kind—

\* \* \* \* \* \* \*

"(6) *Property received by corporation on complete liquidation of another.*—No gain or loss shall be recognized upon the receipt by a corporation of property dis-

ground that in Bryant, the subsidiary had, prior to dissolution, sold all its assets to a third party and merely turned the cash over to its parent corporation. The fact situation of the case at bar, defendant argues, is more akin to a merger, and the rule of Citizens Trust Co. v. Commissioner, 20 B.T.A. 392, that the amount of organizational expenses cannot be deducted as a loss resulting from a merger, controls. See also Motion Picture Capital Corp. v. Commissioner, 2 Cir., 80 F.2d 872. This, however, has not been a uniform holding. Dragon Cement Company v. United States, D.C., 144 F. Supp. 188 held that where there was a statutory merger rather than a complete liquidation and dissolution, the Pennsylvania bonus is deductible as a loss in the year of the merger.

The defendant says that the Citizens Trust case confined Malta Temple Ass'n, supra, "to a situation where there is a complete extinction of the corporate business and held its reasoning not applicable to a continuing business taken over by another corporation." We do not think that the Board of Tax Appeals said that. What they did say was that where a merger occurred, the ending of the corporate life of a corporation is entirely unlike a situation where there was a surrender of the corporate charter and a dissolution of the corporation.

An analysis of the defendant's interpretation of the cases cited above indicates that the Government's position is premised in part upon the continuity of the business in the hands of the taxpayer's parent company.

 We do not think that the presence or absence of continuity of the business enterprise is the proper basis upon which to resolve this question. The Federal income tax is levied on the corporation, not the enterprise it is engaged in.

 As a matter of tax consequences, we can perceive no difference between the fact situations in the Malta Temple and Bryant cases and the case before us. In each instance, the corporation was completely dissolved, and lost its corporate identity. That is what distinguishes the instant case from a merger situation. When KBI lost its privilege of doing business as a corporation in Pennsylvania by reason of its liquidation and dissolution, it lost or abandoned something for which it had paid and it was entitled to a deduction resulting from the loss. This is what the cases have held, and we see no basis for disagreement.

Prior to the filing of this suit, it appears that the defendant concurred in the view expressed in the cases. The Commissioner acquiesced in the Malta Temple decision, and apparently conceded the correctness of the holding in the Wayne case, because he did not raise the question in appealing the case on another point. See Commissioner of Internal Revenue v. Wayne Coal Mining Co., 3 Cir., 209 F.2d 152.

The opinion of the Sixth Circuit Court of Appeals in the Bryant case states that—

"The Commissioner concedes that, except for the incidence of § 112(b) (6), Bryant would be entitled to deduct its organizational expenses in the year of its dissolution as an uninsured loss under § 23(f) of the Internal Revenue Code of 1939, * * *" [231 F.2d 940.]

The defendant also contends that there was no loss to KBI in 1944 because its liquidation was pursuant to Section 112 (b) (6) of the Internal Revenue Code of 1939, and because the closing agreement executed by KBI and the Commissioner of Internal Revenue provided that the transfer of its assets and liabilities by

---

tributed in complete liquidation of another corporation. For the purposes of this paragraph a distribution shall be considered to be in complete liquidation only if—

\* \* \* \* \* \* \*

"(C) The distribution is by such other corporation in complete cancellation or redemption of all its stock, and the transfer of all the property occurs within the taxable year; * * *". 26 U.S.C. § 112 (1952).

KBI to Koppers Company, its sole stockholder, "will result in no recognizable gain or loss."

· We cannot agree. By its very nature, the privilege acquired by KBI through the payment of the bonus was not transferable. It was not and could not be "property distributed in complete liquidation" to its parent corporation. Bryant Heater Company, supra. Furthermore, Section 112(b) (6) does not apply to the corporation being liquidated. It is applicable to the corporation receiving the property as a result of a liquidation.

Since we find that KBI should have been allowed to deduct the amount of the 1937 bonus payment in its 1944 tax return, the deficiency assessed as the result of an adjustment smaller in amount than the deductible loss was erroneously exacted.

Plaintiff is entitled to recover, and shall have judgment for $6,409.85, with interest thereon as provided by law.

It is so ordered.

JONES, Chief Judge, and LARAMORE, MADDEN and WHITAKER, Judges, concur.