Otto F. Ruprecht, Transferee v. Commissioner. Albert C. McIlravy, Transferee v. Commissioner.
Ruprecht v. Commissioner
Docket Nos. 77475, 78230.
United States Tax Court
T.C. Memo 1961-125; 1961 Tax Ct. Memo LEXIS 226; 20 T.C.M. (CCH) 618; T.C.M. (RIA) 61125; May 4, 1961
Barrett F. Kalb, Esq., 11 Commerce St., Newark, N.J., for the petitioners. Chapman H. Belew, Jr., Esq., for the respondent. TIETJENS
Memorandum Opinion TIETJENS, Judge: The respondent determined deficiencies in corporation income tax against M & R Holding Company in the amounts of $274.57 for the calendar year 1954 and $734.35 for the period January 1 through October 31, 1956, and has determined that each of these *227 petitioners is liable as a transferee of assets of M & R Holding Company for deficiencies in the amount of $1,008.92. The petitioners concede that they are transferees and liable as such, but contest the determination that the corporation is liable. The sole issue is whether the corporation may deduct as ordinary and necessary business expenses attorney's fees and broker's commission connected with a sale of business property following adoption of a plan of liquidation. The facts are stipulated and the stipulation is adopted as our findings of fact. The petitioners are individuals and residents of New Jersey. The petitioners are former stockholders of M & R Holding Company, hereinafter called "the corporation", which was organized under the laws of New Jersey in April 1938 and which had its principal address in West Orange, New Jersey until the time of its liquidation in 1956. The corporation filed its income tax returns for the year 1954 and for the period January 1 through October 31 1956 with the district director of internal revenue at Newark, New Jersey. The corporation was engaged in the business of holding and renting real property. Its principal asset was improved real *228 estate in Newark known as Numbers 171-183 Mount Pleasant Avenue. In 1954 all the income of the corporation was derived from rentals of this property. It was not a dealer in real property. On August 8, 1956, the corporation adopted a plan of complete liquidation by resolution of the board of directors. The plan provided for liquidation within 12 months and authorized the officers of the corporation to sell the real estate. The minutes of the meeting recite that the president announced that the company had received an offer to purchase the property, but that a condition of the sale was that O. F. Ruprecht, Inc. convey adjoining property to the purchaser. The board then passed a resolution authorizing the corporate officers to join with O. F. Ruprecht, Inc. in a sale of the real estate for $65,000, the proceeds to be divided equitably between the two corporations. On August 13, 1956, the corporation filed its Form 966 (Return of Information Under Section 6043 of the Internal Revenue Code of 1954 to be Filed by Corporation Within 30 Days After Adoption of Resolution on Plan of Dissolution or Complete or Partial Liquidation) with the district director of internal *229 revenue at Newark. A copy of the minutes of the August 8, 1956 meeting of the board was attached. On October 31, 1956, the corporation sold the described premises for $65,000. The adjusted basis to the corporation was $22,773.55. The corporation made a $3,000 expenditure to the real estate broker who found the purchaser and paid $363.05 to an attorney for drafting the legal papers and representing the seller at the closing. On November 5, 1956, the corporation distributed all its assets to the petitioners who, except for one share of the hundred outstanding, owned all the stock of the corporation in equal proportion. On its income tax return for the period ended October 31, 1956, the corporation deducted the $3,000 broker's commission and the $363.05 attorney's fee as ordinary and necessary business expenses. This treatment resulted in a net operating loss for 1956 of $915.23. On its income tax return for the period ended October 31, 1956, the corporation did not report any gain on the sale of the property because of the nonrecognition provisions of section 337 of the Internal Revenue Code of 1954. On February 14, 1957, the corporation (in dissolution) *230 filed a Form 1139, Application for Tentative Carryback Adjustment, reporting a net operating loss for the period ended October 31, 1956, in the amount of $915.23 and carrying that amount back to the year ended December 31, 1954, thereby reducing 1954 income tax by $274.57. The application was allowed on May 15, 1957, and the amount of $274.57 was refunded to the petitioners. Having distributed all assets in liquidation the corporation has no funds for the payment of Federal income taxes if any are determined in this proceeding to be due. Petitioners admit that they are transferees. The amount received by each of the petitioners as a liquidating dividend was in excess of $1,008.92 and any interest that may be due thereon. The respondent determined that for the taxable period ending in 1956 the corporation was not entitled to deduct the broker's commission or the attorney's fee incurred in connection with the sale of the property. The petitioners contend that the expenses involved were costs of dissolution deductible under section 162 of the 1954 Code as ordinary and necessary expenses. They cite Pacific Coast Biscuit Co., 32 B.T.A. 39 (1935), acq. 1954-1 C.B. 6, *231 and Commissioner v. Wayne Coal Mining Co., 209 F. 2d 152 (C.A. 3, 1954) affirming a Memorandum Opinion of this Court, holding that the costs of dissolution and liquidation are ordinary and necessary expenses of a corporation deductible in the year of payment. This principle has no application here, because the expenses involved were not costs of dissolving the corporation, but arose in connection with the sale of its principal asset. Both parties refer to section 337 of the 1954 Code [1] which deals with liquidations of corporations. This section provides that in the circumstances here present no gain or loss is to be recognized to the corporation from the sale of the property. The expenses here involved were connected with the sale of the property and it is fundamental that they are to be taken into account in measuring the gain or loss of the corporation. See Samuel C. Chapin, 12 T.C. 235, affd. (C.A. 8) 180 F. 2d 140. However, this means that these expenses are chargeable to capital account as an offset against the sales price in the computation of gain or loss and are not items deductible from the current income of the corporation as the *232 petitioners contend. The corporation could have disregarded section 337 and paid the tax on the capital gain resulting from the sale, after deducting these expenses in ascertaining the gain. In electing to invoke section 337 and secure the nonrecognition of gain to the corporation, it is not entitled to treat the capital items as ordinary and necessary expenses of doing business. Decisions will be entered for the respondent. Footnotes
1. SEC. 337. GAIN OR LOSS ON SALES OR EXCHANGES IN CONNECTION WITH CERTAIN LIQUIDATIONS. (a) General Rule. - If - (1) a corporation adopts a plan of complete liquidation on or after June 22, 1954, and (2) within the 12-month period beginning on the date of the adoption of such plan, all of the assets of the corporation are distributed in complete liquidation, less assets retained to meet claims then no gain or loss shall be recognized to such corporation from the sale or exchange by it of property within such 12-month period.↩